ON ORDER GRANTING MOTION FOR TRANSCRIPTION
WARNER, Judge.
The appellant, an indigent, filed a notice of appeal from his conviction and sentence. He was declared indigent for purposes of appeal and, pursuant to Rule 9.140(d), filed a Statement of Judicial Acts to be Reviewed listing only an error in sentencing because of the failure to prove prior convictions scored on the scoresheet. We received from the public defender’s office a motion to withdraw and brief in support thereof pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which analyzed the sentencing issue. As is our regular practice, this court sent out an order to both the state and the appellant notifying them of the Anders brief and specifically notifying the appellant that if he wished to bring any other matters to the attention of the court he may do so within 30 days or we would *946 decide the case solely on the record and briefs filed. Nothing has been received from appellant.
Given this background, this court then entered an order sua sponte requesting that the state and appellant’s appointed counsel address the issue of whether a transcript of proceedings must be included in the record on appeal before this case may be reviewed pursuant to the procedure of Forrester v. State, 556 So.2d 1114 (Fla.1990). As may be expected, the appointed counsel then filed a motion to supplement the record with a full transcript of the trial, claiming that Forrester required a trial transcript and thus no Anders review under Forrester could be accomplished without one. The state responded predictably that a transcript is not required in all cases and that to do so would result in unnecessary expenditure of public funds.
Procedurally, this all seems to smack of the “tail wagging the dog” syndrome. However, it is a “tail” coming from this court’s conscientious effort to assure that the constitutional duties under Anders and Forrester are fulfilled. Our conclusion is that the decisions of the Supreme Court require that a transcript be provided in this case.
In Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) the Supreme Court held that it was a violation of the Due Process and Equal Protection Clauses of the Constitution to deny an individual appellate review of a criminal conviction solely because the individual was too poor to afford a transcript. The opinion required the state court to provide rules or effective means to afford adequate and effective appellate review for indigents. The court pointedly noted that their holding did not mandate the purchase of a transcript in every indigent case. Id. at 76 S.Ct. at 591.
Later in Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963), another transcript case, the court reaffirmed its holding in Griffin that it was not requiring a transcript in every proceeding. It stated:
In considering whether petitioners here received an adequate appellate review, we affirm the principle, declared by the court in Griffin, that a State need not purchase a stenographer’s transcript in every case where a defendant cannot buy it. 351 U.S., at 20, 76 S.Ct., at 591. ... Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged related only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to the rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted [footnote omitted]. In the examples given, the fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review. In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds — the State must provide the indigent defendant with means of presenting his contention to the appellate court which are as good as those available to a nonindigent defendant with similar contentions.
In Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), after quoting much of the above language from Draper, the court stated:
We emphasize, however, that the state must provide a full verbatim record where that is necessary to assure the indigent as effective an appeal as would be available to the defendant with re *947 sources to pay his own way. Moreover, where the grounds of appeal, as in this case, make out a colorable need for a complete transcript, the burden is on the State to show that only a portion of the transcript or an “alternative” will suffice for an effective appeal on those grounds.
Id. at 415.
While Griffin, Draper, and Mayer would suggest that a full transcript at state expense may not be necessary, the closest case for our purposes is Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963), in which the court held that it was error for the state to deny to an indigent a transcript on an appeal from the denial of a writ of coram nobis when his appointed public defender refused to prosecute the appeal because he believes it would be unsuccessful. Lane was in fact relied on in Anders as authority for the Court’s construction of the duty of appellate counsel for the indigent defendant. Analogizing the holding of Lane to our case, can we deny the appellant the right to appeal solely because his public defender failed to list any judicial errors to be reviewed as to the trial itself?
We think the answer to this question is found in In Re: Appellate Court Response to Anders, 581 So.2d 149 (Fla.1991) which clarifies the Anders procedure and the appellate court’s duty under it. The first step is for an indigent’s appellate counsel to “master the trial record” before the attorney files an Anders brief. In Re: Appellate Court, 581 So.2d 149, citing McCoy v. Court of Appeals, 486 U.S. 429, 438-39, 108 S.Ct. 1895, 1902-03, 100 L.Ed.2d 440 (1988). Upon the filing of the Anders brief and motion to withdraw “the appellate court then assumes the responsibility of conducting'a full and independent review of the record to discover any arguable claims on the face of the record.” Id. 581 So.2d 149. Thus, clearly a transcript is essential to fulfill both appellate counsel’s duty and the appellate court’s responsibility under Anders as interpreted in Forres-ter and In Re: Appellate Court. And this procedure must be followed even if minor sentencing errors, such as the imposition of costs, are the only issues raised.
It is clear therefore under Lane, Anders, and In re: Appellate Courts that the indigent defendant who files a notice of appeal is entitled to a full transcript of proceedings and that in fact Florida Rule of Appellate Procedure 9.140(d) requiring Statements of Judicial Acts and the designation of only those portions of proceedings as will fairly support the issues raised probably is unnecessary and may be unconstitutional in the Anders situation where no issues are raised, if its effect were to be to limit the record which would be required to fulfill the appellate court’s review function.
Thus, the indigent appellant who has meritorious issues to raise is worse off on appeal than the non-meritorious defendant in two respects. First, the appellant who raises meritorious issues may be entitled only to a portion of the transcript of proceedings, and, secondly, the appellate court has an independent responsibility to review the record for error in Anders no-merit appeals,[1] whereas, if an indigent raises *948 meritorious issues, the appellate court has no duty to review the record for arguable error and is under no duty to discover other meritorious issues not raised by the appealing defendant. The same, of course, is true of the non-indigent appellant who must weigh the substantial cost of transcription against his attorney’s advice regarding chances of success on appeal and who, in any event, would not be entitled to the independent appellate review allowed for in Anders. Because of these disparities, we are not convinced that Anders and its progeny in this state have accorded equal protection of the laws to all defendants. In fact it seems to us that the treatment is now decidedly wrcequal.
We are, however, bound by the decisions of the United States Supreme Court and the Supreme Court of Florida, and the motion for transcription must be granted.
ANSTEAD and STONE, JJ., concur.

. The procedure in our court is that our central staff attorneys, engage in a full record review of the entire case to note any arguably meritorious issues. This review and memorandum acquaints the judges with the facts of the trial, who testified to what, what objections were made, etc. The individual judges may also read the entire record. We leave it up to the conscience of the individual judge as to how much of each record the judge personally examines in order to satisfy the dictates of Anders. Cf. Ciccarelli v. State, 531 So.2d 129, 132 (Fla.1988). However, if what our Supreme Court means by "full and independent review by the appellate court” is the full individual review by each judge, then again an Anders appeal is a substantially heightened review process than any type of appeal other than death penalty appeals. Moreover, we do not think Anders requires such a review, even though In re: Appellate Judges may. In Anders the Supreme Court stated that the appellate court proceeds, after filing of the Anders brief and after a full examination of all the proceedings, to decide whether the case is wholly frivolous. The court noted with respect to the requirement it imposed of the Anders brief that "[T]his requirement [of the Anders brief] ... would also induce the [appellate] court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.” Anders, 87 S.Ct. at 1400.
*948 Unlike our Supreme Court, we do not interpret this as a duty on behalf of the appellate court to raise meritorious issues not raised by appointed counsel but merely to thoroughly review any arguable issues raised by the Anders brief, including a record review for such points. We acknowledge that the Supreme Court has held to the contrary in State v. Causey, 503 So.2d 321 (Fla.1987). That decision clearly places on the appellate court the duty to point out reversible error appearing on the face of the record in Anders cases even if not raised by appellate counsel.