734 So.2d 514 (1999)
Michael CARINDA, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1945.
District Court of Appeal of Florida, Fourth District.
May 19, 1999.
Ian S. Seitel of Ian S. Seitel, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant, a veterinarian, appeals his conviction for two counts of using drugs on *515 a race horse. Appellant worked with another veterinarian, Dr. Plante, and they were charged with "milkshaking" horses, i.e., forcing a large dose of sodium bicarbonate, sucrose and water down horses' throats in order to enhance their performance. Plante v. Department of Bus. and Prof'l Regulation, 685 So.2d 886 (Fla. 4th DCA 1996).
This offense took place in 1993, and appellant correctly argues that the trial court erred in giving the present standard jury instruction on principals which was not adopted until 1995. Hooper v. State, 703 So.2d 1143 (Fla. 4th DCA 1997). We held in Hooper that the newer instruction, under which it is easier to convict, cannot be applied to a crime which preexisted it because it is an ex post facto violation.
The state argues that we should find, as we did in Hooper, that the erroneous instruction is harmless. In Hooper there was such extensive evidence that the appellant was a substantial participant in the crimes, not merely a principal, that we concluded that the error was harmless. Similarly, in the present case, there was also overwhelming evidence that the appellant was a participant. He admitted that he mixed the substance, delivered it to the groom, and instructed the groom as to how to administer it to the horse. His defense was that he did not do it to enhance the horse's performance, but rather to ease the horse's pain after the race. We thus find that the error in the principal instruction was harmless and, also, without further discussion, that the court correctly denied appellant's motion for judgment of acquittal.
Affirmed.
POLEN and FARMER, JJ., concur.