860 So.2d 1006 (2003)
Epifanio ORTIZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D03-1615.
District Court of Appeal of Florida, Fifth District.
November 14, 2003.
Rehearing Denied December 12, 2003.
Epifanio Ortiz, Lake City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Respondent.
PLEUS, J.
Petitioner, Epifanio Ortiz, alleges ineffective assistance of appellate counsel. See generally Fla. R.App. P. 9.141(c). This proceeding was abated on June 25, 2003, because of a pending post-conviction motion in the circuit court that was filed in January, 2003. A recent status report showed that the post-conviction motion remains pending in the circuit court, and there is no indication as to when the court will likely issue a final ruling. We therefore lift the order of abatement and proceed to consider the petition on the merits.
Ortiz alleges that appellate counsel was ineffective for not having the voir dire jury selection proceedings transcribed for appellate review. Ortiz, however, makes only the conclusory statement that several of the jurors were biased and should have been removed from the panel. Ortiz does not specifically explain how these jurors evinced their bias. To show ineffective assistance of appellate counsel, a petitioner must show a specific error or omission that falls outside the range of acceptable performance, and demonstrate that the deficiency compromised the appellate process so as to undermine confidence in the correctness of the result. See Lawrence v. State, 831 So.2d 121 (Fla.2002). Ortiz has not met this burden by relying on an incomplete record and conclusory allegations. As Ortiz has failed to show prejudice, the petition is denied.
PETITION DENIED.
THOMPSON and ORFINGER, JJ., concur.