867 So.2d 510 (2004)
Thomas V. MARTONE, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D03-2392.
District Court of Appeal of Florida, Fourth District.
February 25, 2004.
Rehearing Denied March 24, 2004.
*511 Thomas V. Martone, South Bay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Thomas Martone petitions this court for a writ of habeas corpus alleging his appellate counsel provided ineffective assistance. We grant, in part, and deny, in part, the petition as follows.
The petitioner is entitled to relief due to the fact his appointed appellate counsel was not furnished with the entire record during the pendency of petitioner's appeal. It is important to note petitioner's appellate counsel was not his trial counsel; thus, the missing records were especially damaging to petitioner's direct appeal. See Hardy v. United States, 375 U.S. 277, 280, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) ("The right to notice `plain errors or defects' is illusory if no transcript is available at least to one whose lawyer on appeal enters the case after the trial is ended.").
Several important pieces of the record were never provided to the petitioner's appellate counsel, thus "preclud[ing] appellate counsel from evaluating [these] portion[s] of the trial for error." See Jones v. State, 780 So.2d 218 (Fla. 2d DCA 2001); see also Delap v. State, 350 So.2d 462 (Fla.1977); Lipman v. State, 428 So.2d 733 (Fla. 1st DCA 1983).
The record provided to the appellate attorney was missing testimony transcripts for two state witnesses, the charging documents, pre-trial and post-trial motions and hearings, and the jury instructions. We conclude these missing portions of the record were necessary for a complete review of the petitioner's convictions. Cf. Velez v. State, 645 So.2d 42 (Fla. 4th DCA 1994); see Jones. Thus, the petition is granted.
However, granting a new trial is not necessary at this point, because the records do not appear to have been permanently lost or destroyed. Instead, the petitioner is entitled to have new appellate counsel appointed, the complete record furnished to said counsel, and a belated appeal on any meritorious issue raised from the missing portions of the record. See generally Fair v. Crosby, 858 So.2d 1103, 1103-04 (Fla. 4th DCA 2003).
Finally, the two remaining claims of ineffective assistance of appellate counsel are denied, without prejudice. Each claim of deficient assistance relates to an error, if it exists, that could have been noticed only had the full record been provided to the appellate attorney. Since these records were not provided to the attorney, the failure to advance these claims cannot be ineffective assistance of counsel. Instead, once the petitioner is appointed new counsel and the full record transmitted to said counsel, if the issues raised herein are of colorable merit, the petitioner shall be entitled to raise them once again.
STONE, KLEIN and MAY, JJ., concur.