SCOLA, JACQUELINE HOGAN, Associate Judge.
Appellant, Thomas Martone, appeals from his conviction after a jury trial for racketeering, conspiracy to commit racketeering, organized fraud, and communications fraud. His conviction was previously affirmed on direct appeal without opinion. Martone v. State, 787 So.2d 868 (Fla. 4th DCA 2001). Martone filed a petition for writ of habeas corpus based on appellate counsel’s having not been furnished the entire record during the pendency of his direct appeal. Martone v. State, 867 So.2d 510 (Fla. 4th DCA 2004). This court granted relief and, as a result, this belated appeal follows.
Martone now complains that the trial court erred by giving the new standard jury instruction on principals set forth in 1995 because the criminal conduct for which he was charged took place prior to 1995. Standard Jury Instructions in Criminal Cases (95-2), 665 So.2d 212 (Fla.1995). Thus, he claims, this constituted an ex post facto violation. He relies on our statements of law earlier set out on this issue in Hooper v. State, 703 So.2d 1143 (Fla. 4th DCA 1997), and Carinda v. State, 734 So.2d 514 (Fla. 4th DCA 1999).
Although we question the continued viability of Hooper and Carinda, based on the holding of Rogers v. Tennessee, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), we do not reach that question. We have reviewed the evidence presented below and based on the overwhelming evidence of guilt in this case, we conclude that the use of the new principal instruction in this case was harmless error.

Affirmed.

GROSS and MAY, JJ., concur.