951 So.2d 27 (2007)
Gary J. PRETTYMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D04-3200.
District Court of Appeal of Florida, Fifth District.
February 16, 2007.
Rehearing Denied March 21, 2007.
*28 Laura A. Griffin, Ponte Vedra, for Petitioner.
No Appearance for Respondent.
PER CURIAM.
In 2004, Petitioner, Gary J. Prettyman, filed a petition for writ of habeas corpus based on ineffective assistance of appellate counsel.[1] According to the amended petition, the facts of the underlying case are these: on September 10, 1999, petitioner was involved in two vehicular accidents, the second of which resulted in the death of the driver of the other car and injuries to the front seat passenger. Only minutes prior to the fatal accident, the first accident occurred. The owner of a vehicle in the first accident, Mr. Carroll, testified that something hit his car on Howell Branch Road on the rainy night in question, causing Mr. Carroll's car to spin around and strike Mr. Van Deneng's car. Both drivers testified that they did not see what hit them. However, they saw Petitioner right after the accident in a nearby *29 parking lot and went toward him to ask him about the accident. Petitioner first drove into a nearby retention pond, began driving around in circles, and then drove back into the roadway. He was later seen by witnesses fishtailing on the rainy pavement, eventually turning right at the intersection onto SR 436. The second, fatal accident happened moments later at the intersection of SR 436 and Winterwoods. Petitioner went through a red light on SR 436 and hit the other car as it was entering the intersection.
In 2000, the State charged petitioner with manslaughter and vehicular homicide related to the driver who was killed, and with inflicting injury by culpable negligence on the front seat passenger. After a trial, the jury found petitioner guilty of manslaughter, vehicular homicide, and inflicting injury by culpable negligence.
At sentencing, the court merged the second count of vehicular homicide into the first count of manslaughter and sentenced petitioner to 142 months incarceration for the manslaughter conviction and time served on the culpable negligence conviction.
On direct appeal, the appellate public defender submitted an Anders brief.[2] We affirmed without written opinion. Prettyman v. State, 827 So.2d 1014 (Fla. 5th DCA 2002). The mandate was issued on September 27, 2002. On September 23, 2003, petitioner filed his 3.850 motion for post-conviction relief.
In this 2004 petition alleging ineffective assistance of appellate counsel, petitioner claims that appellate counsel was ineffective for not moving to supplement the record with previously unrequested portions of the proceedings and reviewing them before filing the initial brief. Trial counsel's directions to the clerk included all proceedings except jury selection, opening statement, closing arguments and the jury instructions. Petitioner now claims that his due process rights were violated because his appellate counsel did not examine the entire record before presenting the appeal.
In an Anders appeal, the appellate court is required to undergo an independent examination of the record to determine if there are any arguable issues that require further briefing. Therefore, appellate counsel filing an Anders brief should move to supplement the record if the designations to the court reporter would not allow appellate counsel or the appellate court to undertake a meaningful, independent review of the record. See In Re Order of First District Court of Appeal, 556 So.2d 1114 (Fla.1990). However, once the case is in the post-appeal stage, and it is alleged that appellate counsel was ineffective for failing to examine a complete record, it is incumbent upon petitioner to show prejudice. At a minimum, this requires the identification of specific errors that would be found in the untranscribed or excluded portion of the record. This was recently reaffirmed by the supreme court in Henry v. State, 937 So.2d 563, 576-77 (Fla.2006). See also Thompson v. State, 759 So.2d 650 (Fla.2000); Ferguson v. Singletary, 632 So.2d 53 (Fla. 1993); Ortiz v. State, 860 So.2d 1006 (Fla. 5th DCA 2003), review denied, 880 So.2d 1212 (Fla.2004).[3]
*30 In our case, petitioner does not allege that any specific error occurred in the portions of the proceedings below not included in the record on appeal. It was trial counsel who decided which portions of the record were not needed. Petitioner did not complain of any errors or of an incomplete record in the Anders appeal. Finally, petitioner has since provided much of the omitted record complained of, and our examination of the record fails to reveal any appealable issue. Accordingly, we deny the petition.
PETITION DENIED.
PLEUS, C.J., GRIFFIN and TORPY, JJ., concur.
NOTES
[1] When the petition was initially filed, we were made aware that there was already a pending Rule 3.850 proceeding in the circuit court. We thought it would serve judicial economy not to have two collateral relief petitions running in parallel so we abated the writ proceedings in this court. More than two years have now passed and, to our knowledge, the circuit court has yet to rule on the 3.850 motion. We do know, because we have required quarterly reports for years, that multiple evidentiary hearings have been held, and the trial court is currently considering the final arguments of the parties. In retrospect, we are bound to admit that the abatement has wasted far more effort by the court and the parties than a timely decision would have done. This is by far the oldest pending case in this court; it is past time to decide it.
[2] See generally Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[3] Petitioner relies on Martone v. State, 867 So.2d 510 (Fla. 4th DCA 2004) as an appellate decision that may be in conflict with these decisions. The Fourth District court concluded in Martone that the missing portions of the record were necessary for a complete review of Martone's convictions, and thus granted the petition alleging ineffective assistance of appellate counsel without requiring Martone to identify any specific prejudice. In that case, however, the extent and significance of the missing portions of the record were far greater than the portions of the record not transcribed here and the court may have presumed prejudice. Or, the court may have relied on direct appeal case law, rather than post-conviction case law. Henry appears to be controlling.