MONACO, J.
The petitioner, Daniel Zankman, seeks habeas corpus relief alleging ineffective assistance of appellate counsel. In his petition Mr. Zankman asserts that because his appellate counsel failed to examine the complete record of his trial before submitting an Anders[1] brief, he is entitled to a new appeal. We agree with Mr. Zankman, but only to a limited extent.
The petitioner was convicted by a jury of lewd and lascivious battery on a child and was given a fifteen-year prison sentence. The Public Defender, who was appointed to represent him on direct appeal, filed an Anders brief with this court, and we affirmed in a per curiam decision. See Zankman v. State, 947 So.2d 449 (Fla. 5th DCA 2006). Significantly, Mr. Zankman requested the court to supplement the record by ordering that the transcript of his jury selection be transcribed and included, but his request was denied. He now contends that “questionable” jurors served on his jury, and that at least one African-American juror was dismissed despite a defense objection without a valid race-neutral reason being given.
We held in Ortiz v. State, 860 So.2d 1006 (Fla. 5th DCA 2003), review denied, 880 So.2d 1212 (Fla.2004), that to show ineffective assistance of appellate counsel, a petitioner must demonstrate a specific error or omission that falls outside the range of acceptable performance, and demonstrate, as well, that the deficiency compromised the appellate process so as to undermine our confidence in the correctness of the result. Here, we conclude that Mr. Zank-man satisfied those prerequisites.
We come to this conclusion particularly because the direct appeal was processed using the Anders procedure. In an An-ders appeal the appellate court is required to undergo an independent examination of the record to determine if there is any arguable issue that requires further briefing. See Prettyman v. State, 951 So.2d 27 (Fla. 5th DCA 2007), review denied, 962 So.2d 338 (Fla.2007). Mr. Zankman has identified with specificity a problem that might have occurred during the jury selection process; he specifically asked unsuccessfully during the course of his direct appeal to have the voir dire examination of the jury transcribed so that he could file his own brief; and he has timely raised the issue in his petition. As neither Mr. Zank-man, nor his appointed counsel, nor this court has had an opportunity to review the untranscribed voir dire examination, we have a gnawing concern about both the correctness of the result, and whether our obligations under Anders have been satisfied. See Hampton v. State, 591 So.2d 945 (Fla. 4th DCA 1991).
*367 Accordingly, we grant the petition and hold that the petitioner be permitted to have another direct appeal, but limited only to issues associated with the selection of the jury that convicted him. This opinion shall be treated as a notice of appeal and furthermore, we relinquish jurisdiction to the trial court with instructions that it require the transcription of the jury selection, and for the purpose of appointing counsel to aid Mr. Zankman in this limited appeal.
PETITION GRANTED with INSTRUCTIONS.
LAWSON and EYANDER, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).