IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


MARQUIES BRISBANE,

        Petitioner,

v.                                                                                   Case No.  5D15-1945

STATE OF FLORIDA,

        Respondent.

_____/

Opinion filed May 6, 2016

Petition Alleging Ineffectiveness
of Appellate Counsel,
A Case of Original Jurisdiction.

Marquies Brisbane, Cross City, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona Beach,
for Appellee.


BERGER, J.

In this habeas petition, Marquies Brisbane alleges ineffective assistance of appellate counsel and seeks a new appeal.  He argues, *inter alia*, that counsel was ineffective for failing to supplement the record with the transcript of his voir dire proceedings.  We deny the petition and write only to explain why this court's opinion in

Zankman v. State, 992 So. 2d 365 (Fla. 5th DCA 2008), does not entitle Brisbane to a new appeal.

"A petition for writ of habeas corpus is the proper vehicle for a claim of ineffective assistance of appellate counsel." Hampton v. State, 178 So. 3d 921, 922 (Fla. 5th DCA 2015) (citing Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000)). However, it is well-settled that claims of ineffective assistance of appellate counsel "may not be used as a disguise to raise issues which should have been raised on direct appeal or in a postconviction motion." Freeman v. State, 761 So. 2d 1055, 1069 (Fla. 2000). To prevail, a petitioner "must demonstrate a specific error or omission that falls outside the range of acceptable performance, and demonstrate, as well, that the deficiency compromised the appellate process so as to undermine our confidence in the correctness of the result." Zankman, 992 So. 2d at 366 (citing Ortiz v. State, 860 So. 2d 1006 (Fla. 5th DCA 2003)). "In the case of appellate counsel, this means the deficiency must concern an issue which is error affecting the outcome, not simply harmless error." Freeman, 761 So. 2d at 1069 (quoting Knight v. State, 394 So. 2d 997, 1001 (Fla. 1981)). Additionally, "ineffective assistance of [appellate] counsel cannot be argued where the issue was not preserved for appeal . . . ." Id. (citing Medina v. Dugger, 586 So 2d 317 (Fla. 1991)). This review parallels the Strickland[1] standard for ineffective assistance of trial counsel. Wilson v. Wainwright, 474 So. 2d 1162, 1163 (Fla. 1985).

In Zankman, this Court addressed an ineffective assistance of appellate counsel petition where the defendant contended that his appellate counsel had incorrectly failed to ensure that the appellate record in his direct appeal was supplemented with a copy of

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

2

the voir dire transcript from his trial.  Id. at 366.  It was the petitioner's claim that "questionable" jurors ended up serving on his jury "and that at least one African-American juror was dismissed despite a defense objection without a valid race-neutral reason being given."  Id.

In granting the defendant a new appeal, this Court concluded that the defendant had demonstrated a specific deficiency in appellate counsel's performance and that the deficiency undermined the panel's confidence in the outcome of the defendant's prior direct appeal.  Id.  This Court reasoned:

> We come to this conclusion particularly because the direct appeal was processed using the Anders procedure. In an Anders appeal the appellate court is required to undergo an independent examination of the record to determine if there is any arguable issue that requires further briefing. See Prettyman v. State, 951 So. 2d 27 (Fla. 5th DCA 2007), review denied, 962 So. 2d 338 (Fla. 2007). Mr. Zankman has identified with specificity a problem that might have occurred during the jury selection process; he specifically asked unsuccessfully during the course of his direct appeal to have the *voir dire* examination of the jury transcribed so that he could file his own brief; and he has timely raised the issue in his petition. As neither Mr. Zankman, nor his appointed counsel, nor this court has had an opportunity to review the untranscribed *voir dire* examination, we have a gnawing concern about both the correctness of the result, and whether our obligations under Anders have been satisfied. See Hampton v. State, 591 So. 2d 945 (Fla. 4th DCA 1991).

Id. at 366.  Brisbane raises the same issue.  Nevertheless, Zankman does not control because the present case is not an Anders appeal.[2]  This distinction is significant.

Anders proceedings are intended to promote "fair appellate review" when appointed counsel submits a brief stating that they have found "no reversible error even

---

[2] Although the present case began as an Anders appeal, it did not end up that way.

worthy of a good faith argument . . . ." State v. Causey, 503 So. 2d 321, 322 (Fla. 1987). Counsel's statement is meant to "induce the court to pursue all the more vigorously its own review." Id. (quoting Anders, 386 U.S. at 745). However, this type of independent review is not required in non-Anders appeals. See, e.g., Hoskins v. State, 75 So. 3d 250, 257 (Fla. 2011) (stating argument not raised in initial brief barred); Parker-Cyrus v. Just. Admin. Comm'n, 160 So. 3d 926, 928 (Fla. 1st DCA 2015) (determining issue not raised in the initial petition for appeal abandoned; noting "[w]ithout strict adherence to this rule, the appellees are left unable to respond in writing to new issues presented by the appellants, and the filing deadline imposed on the appellants for their initial brief is rendered meaningless" (quoting Snyder v. Volkswagen of Am., Inc., 574 So. 2d 1161, 1161-62 (Fla. 4th DCA 1991))); J.A.B. Enters. v. Gibbons, 596 So. 2d 1247, 1250 (Fla. 4th DCA 1992) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief."). Whereas the failure to supplement the record with the transcript of jury selection in Zankman hindered this court's independent review, no similar examination of the record was necessary in Brisbane's appeal because review was limited to the single issue he raised. [3]

Therefore, in order to prevail on his claim of ineffective assistance of appellate counsel for failing to supplement the record, Brisbane must show that the issue – asserting that the State's peremptory strike of an African-American venireman was pretextual – was preserved on appeal. See Freeman, 761 So. 2d at 1069. This he has failed to do. His bare assertion that the issue was "properly preserved for review on

---

[3] See Brisbane v. State, 119 So. 3d 1263 (Fla. 5th DCA 2013) (affirming per curiam Brisbane's convictions on direct appeal in Case No. 5D12-3009).

4

direct appeal" is insufficient to warrant relief. Instead, Brisbane must show how the issue was preserved. He could have done so by alleging in his petition that counsel raised a proper objection at the time the State exercised its peremptory challenge and again before the jury was sworn, see Denis v. State, 137 So. 3d 583, 585 (Fla. 4th DCA 2014) (explaining that more than an objection to the use of peremptory strike is required to preserve error), or by simply attaching the voir dire transcript as an appendix. Having failed to do either, he cannot establish deficient performance. See Davis v. State, 928 So. 2d 442, 447 (Fla. 5th DCA 2006) (restating that appellate counsel cannot be deemed deficient for not raising issues not preserved (citing Rutherford, 774 So. 2d at 648)).

PETITION DENIED.

COHEN and EDWARDS, JJ., concur.