DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**TANNER DASHNER,**
Appellee.

Nos. 4D2022-1883 and 4D2022-2016

[January 10, 2024]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 2018CF003462A.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellee.

PER CURIAM.

Following a car accident in 2018 in which five people died, the appellant was charged with five counts each of DUI manslaughter and vehicular homicide, among other charges. Thereafter, in *State v. Maisonet-Maldonado*, 308 So. 3d 63 (Fla. 2020), the Florida Supreme Court determined that the single homicide rule – which prohibits dual convictions for offenses resulting in a single death – is no longer applicable under Florida law pursuant to a 1988 amendment to section 775.021(4), Florida Statutes. *Id.* at 66-67. The court receded from *State v. Chapman*, 625 So. 2d 838 (Fla. 1993), in which it held the contrary. *Id.* at 66.

The appellant moved to dismiss the counts for vehicular homicide based on the single homicide rule, arguing that application of *Maisonet-Maldonado* would violate due process and the constitutional prohibition on ex post facto laws, since he committed the offenses prior to the opinion. The trial court granted the motion. The state appeals the dismissal, and the defendant cross-appeals his sentences on the remaining charges. With

respect to the cross-appeal, we affirm without further discussion. As to the state's appeal, we reverse and remand for further proceedings.

Application of a judicial opinion does not generally constitute a violation of the prohibition on ex post facto laws. *See generally Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (explaining that the Ex Post Facto Clause "is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government" (quoting *Marks v. United States*, 430 U.S. 188, 191 (1977))). "The clause applies to a judicial opinion only when it results in 'an unforeseeable enlargement of a criminal statute.'" *Mayes v. Moore*, 827 So. 2d 967, 973 (Fla. 2002) (quoting *Marks*, 430 U.S. at 192).

Moreover, "due process limitations on the retroactive application of judicial interpretations of criminal statutes" are restricted "to those that are 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.'" *Rogers*, 532 U.S. at 461 (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)). "[W]hen an unforeseeable court construction of a criminal statute is applied retroactively, the defendant has been deprived of due process because of the lack of warning that the conduct is criminal." *Hooper v. State*, 703 So. 2d 1143, 1145 (Fla. 4th DCA 1997) (citing *Bouie*, 378 U.S. at 354-55).

The trial court erred by determining that application of *Maisonet-Maldonado* to the appellant's case would be ex post facto and by dismissing the charges pursuant to the single homicide rule. Under these facts, application of the holding of *Maisonet-Maldonado* does not violate the prohibitions on ex post facto laws under the Florida Constitution or the United States Constitution, nor does it run afoul of due process. The holding does not meet the high bar of being either "unforeseeable" or "indefensible" because abolition of the single homicide rule is contemplated by the plain language of section 775.021(4), Florida Statutes (2018). The statute provides in part that "[w]hoever, in the course of *one criminal transaction or episode*, commits an act or acts which constitute one or more *separate criminal offenses*, upon conviction and adjudication of guilt, *shall be sentenced separately for each criminal offense*," and that "[t]he intent of the Legislature is to convict and sentence for *each criminal offense* committed in the course of *one criminal episode* or transaction . . . ." § 775.021(4), Fla. Stat. (2018) (emphasis added). As the Florida Supreme Court explained, "After the 1988 amendment, the plain language of section 775.021 clearly expresses that offenses which pass the codified *Blockburger* test should be punished separately and that there is no exception for offenses arising from a single death." *Maisonet-Maldonado*,

2

308 So. 3d at 69.[1]  Moreover, the supreme court remanded for application of its new construction of the statute, which is a retroactive application. *Id.* at 71.

Likewise, no due process concern arose from lack of warning that the appellant's conduct was criminal.  Below, in declining to extend *Maisonet-Maldonado* to the case at hand, the trial court relied on *Hooper*, 703 So. 2d at 1143.  There, Hooper challenged a substantive change to the standard jury instruction on principals that was made after the offenses were committed.  *Id.* at 1144.  On appeal, we determined that "[t]he use of the new instruction in this case, which enabled the state to establish guilt without the two elements contained in the prior instruction, was an ex post facto violation," but we concluded that the use of the new instruction was harmless beyond a reasonable doubt.  *Id.* at 1145; *see also Carinda v. State*, 734 So. 2d 514, 515 (Fla. 4th DCA 1999) (holding trial court erred by giving standard jury instruction on principals amended after commission of offense, but error was harmless).

*Hooper* is materially distinguishable.  Unlike the amended jury instruction in *Hooper* that "altered the functional definition of the crime," *id.* at 1145, here, elimination of the single homicide rule did not change the definitions of the crimes or the facts which the state was required to prove in order to obtain convictions.  In other words, regardless of whether *Maisonet-Maldonado* was applied, the appellant was on notice of the criminality of his conduct.  *See also Maisonet-Maldonado*, 308 So. 3d at 69-70 (explaining that "defendants who might benefit from the single homicide rule have minimal reliance interests in the *Chapman* decision" and that the defendant "does not claim to have changed his behavior based on the existence of the single homicide rule, nor does it appear that he has changed any legal positions to his detriment in reliance on the rule").  Moreover, in *Martone v. State*, 921 So. 2d 879, 880 (Fla. 4th DCA 2006), we "question[ed] the continued viability of *Hooper* and *Carinda*, based on" *Rogers*, 532 U.S. 451, but based on our above analysis, we need not reach that question here.

Accordingly, we reverse the erroneous dismissal of the vehicular homicide charges, and we remand for the trial court to proceed with sentencing on those charges.

*Reversed and remanded.*

---

[1] Beyond violations of ex post facto prohibitions and due process, the appellant did not otherwise argue below, nor does he argue on appeal, that *Blockburger* or double jeopardy concerns render *Maisonet-Maldonado* inapplicable.

WARNER, CIKLIN and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***