PER CURIAM.
The appellant/cross appellee appeals his conviction for sexual battery with a deadly weapon. We affirm appellant’s conviction without comment, but reverse as to the sentencing issue raised by the state on cross appeal.
After being convicted of sexual battery with a deadly weapon, the state sought to have appellant sentenced as a dangerous sexual felony offender (“DSFO”) pursuant to section 794.0115, Florida Statutes (2006), because he used a deadly weapon during the course of the attack. The appellant objected, asserting that section 794.0115 was meant to punish repeat sexual offenders and he did not have a prior conviction. The trial court agreed with appellant and refused to deem him a DSFO.- • The appellant was sentenced to fifteen years’ imprisonment, rather than the minimum term of twenty-five years’ imprisonment required by the DSFO statute.
Section 794.0115, Florida Statutes (2006), defines a dangerous sexual felony offender. It provides, in pertinent part:
*716 (2) Any person who is convicted of a violation of s. 787.025(2)(c); s. 794.011(2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); or s. 847.0145; or of any similar offense under a former designation, which offense the person committed when he or she was 18 years of age or older, and the person:
(a) Caused serious personal injury to the victim as a result of the commission of the offense;
(b) Used or threatened to use a deadly weapon during the commission of the offense;
(c) Victimized more than one person during the course of the criminal episode applicable to the offense;
(d) Committed the offense while under the jurisdiction of a court for a felony offense that is a felony in another jurisdiction, or for an offense that would be a felony if that offense were committed in this state; or
(e) Has previously been convicted of a violation of 787.025(2)(c); s. 794.011(2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); or s. 847.0145; of any offense under a former statutory designation which is similar in elements to an offense described in this paragraph; or of any offense that is a felony in another jurisdiction; or would be a felony if that offense were committed in this state, and which is similar in elements to an offense described in this paragraph, is a dangerous sexual felony offender, who must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment.
[[Image here]]
(4) The offense described in subsection (2) which is being charged must have been committed after the date of commission of the last prior conviction for an offense that is a prior conviction described in paragraph (2)(e).
(5) It is irrelevant that a factor listed in subsection (2) is an element of an offense described in that subsection. It is also irrelevant that such an offense was reclassified to a higher felony degree under s. 794.023 or any other law.
(Emphasis added).
Subsections (a)-(e) are disjunctive, as evidenced by the use of the term “or” before section (2)(e). Because those subsections are disjunctive, the defendant must have been convicted of a crime listed in section (2) and meet one of the requirements of subsections (a)-(e). Thus, pursuant to section 794.0115, a defendant who is convicted of violating section 794.011(3) (sexual battery with a deadly weapon or with force likely to cause serious personal injury), and who used or threatened to use a deadly weapon during the commission of the offense,[1] is a dangerous sexual felony offender. The only requirement for a previous conviction is found in subsections (2)(e) and (4). Section (4) merely states that, if a prior conviction under section (2)(e) is the basis for the imposition of DSFO sanctions (which in this case it was not), the prior crime must have occurred prior to the crime for which the defendant is being sentenced as a DSFO. Here, the state sought DSFO sentencing because the appellant used a deadly weapon under section (2)(b), not because he had a prior conviction under section (2)(e). A prior conviction is not a prerequisite to a defen *717 dant being deemed a DSFO under section 794.0115(2)(b).[2]
Thus, we REVERSE appellant’s sentence and REMAND for the trial court to resentence him as a dangerous sexual felony offender.
BROWNING, C.J., PADOVANO, and POLSTON, JJ., concur.

. The jury found that the appellant used or threatened to use a deadly weapon when it found him guilty as charged of sexual battery with a deadly weapon.

. A prior conviction was necessary under the older version section 794.0115. Prior to 2003, the title of that section specified that it dealt with "repeat sexual batterers." See 794.0115, Fla. Stat. (2002). In 2003, that section was substantially reworded and redes-ignated as the "Dangerous Sexual Felony Offender Act.” See 2003 Fla. Laws ch. 2003-115, § 1. The reworded statute omitted all references to repeat sexual batterers. Id.