PER CURIAM.
Miguel Espinoza-Montes appeals his convictions and sentences for false imprisonment and attempted sexual battery with a deadly weapon or physical force. We affirm Mr. Espinoza-Montes’s convictions without discussion. However, we reverse his mandatory minimum sentence of twenty-five years’ imprisonment on the attempted sexual battery conviction and remand for resentencing because the jury did not make a finding that he used or threatened to use a deadly weapon, which was necessary to permit the imposition of an enhanced sentence pursuant to section 794.0115(2)(b), Florida Statutes (2008), under the facts in this case.
Mr. Espinoza-Montes was convicted of the second-degree felony of attempted sexual battery under sections 794.011(3) and 777.04, Florida Statutes (2008), and of the third-degree felony of false imprisonment under section 787.02(l)(a), Florida Statutes (2008). The information alleged under section 794.011(3) that Mr. Espinoza-Montes “used or threatened to use a deadly weapon, or used actual physical force likely to cause serious personal injury” in the process of attempting to commit sexual battery upon the victim.
At trial, the evidence established that the victim stopped at a restaurant to use the bathroom around 2 a.m. in May 2009. As she attempted to leave the stall, an unknown man, who was later identified as Mr. Espinoza-Montes, pushed her back into the stall, beat her, and attempted to rape her. In the process, while he was behind her, he told her that he was going to kill her with a knife and he pressed something against her back. For at least a brief time, she believed he actually had a knife, but then she was able to see that he was only pressing on her back with his finger. The victim sustained multiple injuries as a result of being beaten and *848 punched by Mr. Espinoza-Montes, including an injury that resulted in a scar on her right arm.
On the offense of attempted sexual battery with threat of a deadly weapon or physical force, the trial court instructed the jury that it could convict based either on the threatened use of a deadly weapon or on the use of physical force likely to cause serious personal injury. Unfortunately, the verdict form did not contain a special interrogatory to allow the jury to specify whether it found that Mr. Espinoza-Montes committed the offense by the threatened use of a deadly weapon or by the use of physical force likely to cause serious personal injury.
At sentencing, the trial court designated Mr. Espinoza-Montes as a dangerous sexual felony offender and imposed a twenty-five-year mandatory minimum sentence on the attempted sexual battery conviction. The trial court imposed a concurrent sentence of five years on the false imprisonment conviction.
Section 794.0115, the Dangerous Sexual Felony Offender Act (the Act), provides for enhanced sentencing for persons eighteen years of age or older who are convicted of certain listed offenses, including a violation of section 794.011(3), and who also meet one of five enumerated conditions in section 794.0115(2)(a)-(e). The enumerated condition at issue in this case requires a twenty-five-year minimum mandatory sentence if the defendant “[ujsed or threatened to use a deadly weapon during the commission of the offense.” § 794.0115(2)(b). Without a special interrogatory on the verdict form, we have no basis to conclude that the jury unanimously determined that Mr. Espinoza-Montes threatened to use a deadly weapon. In light of the facts presented at trial, the jury could easily have determined that Mr. Espinoza-Montes used physical force likely to cause serious personal injury and convicted him of attempted sexual battery on this basis. Such a determination would not support the imposition of the enhanced sentence.[1] Because this sentencing enhancement depends upon a specific factual determination that must be made by the jury, we conclude that the trial court was not authorized to enhance the sentence. Cf. Bruce v. State, 988 So.2d 715, 717 n. 1 (Fla. 1st DCA 2008) (reversing sentencing issue raised in cross-appeal and remanding for resentencing as a dangerous sexual felony offender, the First District noted “[t]he jury found that the appellant used or threatened to use a deadly weapon when it found him guilty as charged of sexual battery with a deadly weapon”).
Mr. Espinoza-Montes presents alternative arguments in this appeal. Among those, he argues that his threat to use a knife was not sufficient to permit sentencing under this statute because he did not actually possess a knife at the time of this offense. The statute does not expressly require that he possess a deadly weapon, but it does require that he threaten to use such a weapon. Whether his conduct in this case would permit a jury to find that he committed such a threat is a debatable issue that we do not need to resolve in this case in light of our conclusion that the enhanced sentence was not authorized.[2]
*849 Accordingly, we reverse Mr. Espinoza-Montes’s sentence for the second-degree felony and remand for resentencing under the Criminal Punishment Code.
Affirmed in part, reversed in part, and remanded for resentencing.
SILBERMAN, C.J., and ALTENBERND and BLACK, JJ., Concur.

. Enhanced sentencing is required under section 794.0115(2)(a) if the defendant "[claused serious personal injury to the victim as a result of the commission of the offense.” For the purpose of a conviction under section 794.011(3), the physical force element does not require a finding that the defendant caused serious personal injury to the victim, only that the defendant used "actual physical force likely to cause serious personal injury.” Id. (Emphasis supplied.)

. Mr. Espinoza-Montes also argues that an attempt to commit a sexual battery does not qualify for enhanced sentencing under section 794.0115(2). We need not resolve the issue of whether an attempt qualifies under the Act, however, because he did not qualify under *849 section 794.0115(2)(a)-(e) for sentencing under the Act.