WETHERELL, J.
• Appellant was convicted of multiple felonies, including sexual battery under section 794.011(3), Florida Statutes (2013), and was designated a dangerous, sexual felony offender under section 794.0115. On appeal, Appellant only challenges the 25-year mandatory minimum term resulting from this designation. Although we agree with Appellant that the trial court erred by making the finding required to support the designation,, we find the error harmless because the record demonstrates beyond a reasonable ’doubt that a rational jury would have made this finding. Accordingly, we affirm Appellant’s .judgment and sentence.
Appellant was charged with, among other things, sexual battery using actual physical force likely to cause serious personal injury. The evidence presented at trial established that Appellant punched the victim in the face with a closed fist five times while she was sitting in the passenger seat of his car. When the victim tried to escape from the ear, Appellant grabbed her by the hair, pulled her back in, and hit her again in the face. Appellant then raped the victim in the car, and while he did so, he choked the victim by wrapping his fingers around, her neck. The victim testified that Appellant “beat the crap out of [her]” and she described the rape as “rough painful sex.”
The victim suffered a number of injuries during this incident, including two black eyes; bruising on her face, neck, arms, and legs; lacerations to her lips; an abrasion on her chin; and a chipped front tooth. Photographs of the victim’s injuries were introduced into evidence and the victim showed the jury her chipped tooth during the trial.
Appellant did not dispute that the victim had been beaten. His theory of defense was that the victim’s injuries were the result of a drug deal gone bad, not a rape. The victim adamantly denied this claim.
The jury found Appellant guilty as charged. At the sentencing hearing, the State asked the trial court to designate Appellant as a dangerous sexual felony offender. Appellant objected to the designation on the ground that the jury did not make the necessary finding that he “[c]aused serious personal injury to the victim as a‘ result of the commission of the offense.” § 794.Q115(2)(a), Fla. Stat. The State responded that this finding was supported by the evidence and implicit in the verdict. - The trial court granted the State’s request and designated Appellant *1217 as a dangerous sexual felony offender, finding that the State “demonstrated during the trial great bodily harm and permanent disfigurement, to the victim.” And, based on this designation, the trial court imposed a 25-year mandatory minimum term on Appellant’s life sentence for sexual battery. See § 794.0115(2), Fla. Stat.. (stating that a dangerous , sexual felony offender “must be sentenced to a mandatory minimum term of 25 years .imprisonment up to, and. including, life imprisonment”).
On appeal, Appellant does not argue that his designation as a dangerous sexual felony offender lacks evidentiary support. Rather, as he did below, Appellant argues that the designation was improper because the jury did not make the finding required for the designation. In support of this argument, Appellant relies primarily on Espinoza-Montes v. State, 113 So.3d 847 (Fla. 2d DCA 2011),. in which the court reversed the defendant’s dangerous sexual felony offender designation because the jury did not make the finding necessary to support the designation. !
The State responds that Espinoza-Montes is distinguishable. The jury in that case was instructed that it could find the defendant guilty of attempted sexual battery if (1) he used or threatened to use a deadly weapon or (2) he used physical force likely to cause serious personal injury, but because the jury rendered a general verdict, there was no way to know which ground the jury found. Id. at 848. Here, by contrast, the jury was instructed that it could only find Appellant guilty of sexual battery if it found that he “used actual physical force likely to cause serious personal injury,” and because the jury found Appellant guilty as charged, that finding was implicit in the verdict. Cf. Bruce v. State, 988 So.2d 715 (Fla. 1st DCA 2008) (reversing defendant’s sentence on the State’s cross-appeal and remanding with directions to resentence the defendant as a. dangerous sexual felony offender under section 794.0115(2)(b) because the. jury found that.he. used or threatened,to use a deadly weapon-when it found him guilty as charged for sexual battery with a deadly weapon).
The problem, with the State’s argument is that the finding implicit in the verdict is not sufficient to support Appellant’s designation as a dangerous sexual felony offender. The designation requires a finding,. that the defendant actually “caused” serious personal injury to the victim, see § 794.0115(2)(a), Fla. Stat., but the. verdict, only established that Appellant’s use of force was “likely to cause” serious personal injury to the victim. See Espinoza-Montes, 113 So.3d at 848 n. 1 (“Enhanced sentencing is required under section 794.01,15(2)(a) if the defendant ‘[claused serious personal injury to the victim as a result of the commission of the offense.’ For the purpose of a conviction under section 794.011(3),. the physical force element .does not require a finding that the defendant caused serious personal injury to the victim, only that the defendant used ‘actual physical, force likely to cause serious .personal injury,’ ”) (emphasis in original).
The finding that the defendant caused serious personal injury to the victim must be made by a jury, not the court, because the dangerous sexual felony offender designation resulting from that finding leads to' an increased mandatory minimum term for the underlying -crime. See Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 2162-63, 186 L.Ed.2d 314 (2013) (holding based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that any fact that *1218 increases the mandatory minimum “floor” for a crime must be found by the jury). Accordingly, it was error for the trial court to designate Appellant as a dangerous sexual felony offender without a jury finding that he actually caused serious personal injury to the victim.
This error is not per se reversible error. It is well-settled that Apprendi and Blakely errors are subject to a harmless error analysis, see Washington v. Recuenco, 548 U.S. 212, 220-21, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006); Galindez v. State, 955 So.2d 517, 522-23 (Fla.2007), and because Alleyne is based on the principles announced in Apprendi and Blakely, it follows that Alleyne errors are also subject to harmless error analysis. See Lee v. State, 130 So.3d 707, 711 (Fla. 2d DCA 2013) (“But, just as a failure to obtain a jury finding could be determined to be harmless in the context of an Apprendi or Blakely error, we conclude that a failure To obtain a jury finding can be determined to be harmless beyond a reasonable doubt in the case of an Alleyne error.”) (internal citations and footnotes omitted); Lindsay v. State, 1 So.3d 270 (Fla. 1st DCA) (applying Galindez to affirm mandatory minimum term for possession of a firearm under the 10/20/Life statute), rev. denied, 6 So.3d 52 (Fla.2009). An Alleyne error is harmless if the record demonstrates beyond a reasonable doubt that a rational jury would have found the fact required to impose the mandatory minimum term. See Galindez, 955 So.2d at 523 (applying that standard to determine whether an Apprendi error is harmless).
Here, we have no trouble concluding beyond a reasonable doubt that a rational jury would have found that Appellant actually caused serious personal injury to the victim in the process of committing the sexual battery. Appellant did not dispute that the victim had been beaten and it is clear from the verdict that'the jury rejected his claim that the victim’s injuries resulted from a drug deal gone bad rather than a rape. Moreover, there was ample evidence that the victim suffered “serious personal injury” as defined in the dangerous sexual felony offender statute because she testified that the rape was painful and the jury saw her chipped tooth and photographs of her numerous other injuries. See § 794.0115(3), Fla. Stat. (defining “serious personal injury” to mean “great bodily harm or pain, permanent disability, or permanent disfigurement”).
In sum, based on the clear and uncon-tésted evidence of the serious personal injury to the victim caused by Appellant, we find that the trial court’s error in making the finding necessary to support Appellant’s dangerous sexual felony offender designation was harmless beyond a reasonable doubt. Accordingly, we affirm Appellant’s judgment and sentence, including the 25-year mandatory minimum term on his life sentence for sexual battery.
AFFIRMED.
WOLF and ■ MARSTILLER, JJ., concur.