[J-24-2016] [MO:  Saylor, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 68 MAP 2015 |
| | : |
| Appellant | : Appeal from the Order of the Superior |
| | : Court dated December 24, 2014 at No. |
| | : 1962 MDA 2013 vacating and |
| v. | : remanding the Judgment of Sentence of |
| | : the Court of Common Pleas of |
| | : Lancaster County, Criminal Division, |
| MATTHEW BRYAN WOLFE, | : dated October 1, 2013 at No. CP-36- |
| | : CR-5791-2012 |
| Appellee | : |
| | : ARGUED:  November 18, 2015 |
| | : RESUBMITTED:  January 20, 2016 |


**DISSENTING OPINION**


**JUSTICE TODD** **DECIDED:  June 20, 2016**

The United States Supreme Court in <u>Alleyne v. United States</u>[1] specified that, to satisfy the jury trial right in the Sixth Amendment to the United States Constitution, any *fact* that triggers a mandatory minimum sentence must be (1) stated in the information; (2) an element of the offense; (3) found by a jury; and (4) found beyond a reasonable doubt.  Here, the *fact* that triggered the imposition of Appellee Matthew Wolfe's mandatory minimum sentence — that the victim was under the age of 16 — was (1) stated in the information; (2) an element of the offense; (3) found by a jury; and (4) found beyond a reasonable doubt.  Accordingly, pursuant to <u>Alleyne</u>, Appellee's rights under the Sixth Amendment have been satisfied, he has suffered no constitutional deprivation, and, thus, in my view, he is not entitled to relief.  Having declined to engage

---

[1] 133 S. Ct. 2151 (2013).

in this threshold assessment of constitutional deprivation before considering the impact of our decision in Commonwealth v. Hopkins[2] the majority has, in my respectful view, improperly analyzed a foundational aspect of this constitutional question. As the Alleyne Court explained, "the essential Sixth Amendment inquiry is whether a fact is an element of the crime." Alleyne, 133 S. Ct. at 2162. Inexplicably, in striving to apply Alleyne, which is founded on the Sixth Amendment *right to a jury trial*, the majority ascribes no import to Appellee's *actual jury trial*, instead myopically focusing on the sentencing statute. And, if the majority deems Hopkins to dictate this focus, then it is incumbent upon this Court to clarify Hopkins, but not to lay this case at the feet of Alleyne.

Moreover, even assuming, *arguendo*, as posited by the majority, that Appellee's sentence was imposed pursuant to a constitutionally violative statute, imposition of the sentence in this case, where the jury found the triggering fact by a reasonable doubt, is clearly harmless, and, thus, Appellee should not receive the windfall of a new sentencing hearing. My reasoning follows.

As noted by the majority, on October 1, 2013, the Court of Common Pleas of Lancaster County imposed concurrent sentences for all of the crimes of which Appellee was convicted, resulting in an aggregate sentence of 10 to 20 years imprisonment. Relevant to this appeal, for each IDSI count, the trial court imposed a mandatory minimum sentence of 10 years, pursuant to 42 Pa.C.S. § 9718(a)(1).

Specifically, the criminal offense which led to Appellee's conviction for IDSI (victim less than 16 years of age) provides: "A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant: . . . who is less than 16 years of age and the person is four or more years older than the

---

[2] 117 A.3d 247 (Pa. 2015).

complainant and the complainant and person are not married to each other." 18 Pa.C.S. § 3123(a)(7). Based upon this conviction, the trial court imposed upon Appellee the mandatory minimum sentence of ten years pursuant to 42 Pa.C.S. § 9718(a)(1), which provides: "A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows: . . . 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse) -- not less than ten years." 42 Pa.C.S. § 9718(a)(1). Thus, in these unusual circumstances, the fact triggering the imposition of the mandatory minimum sentence under Section 9718(a)(1) is the same fact that is necessary for a conviction under Section 3123(a)(7).[3] To properly analyze the issue in this appeal, one must first understand the historical underpinnings of this area of the law.

The Sixth Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, provides that an accused enjoys the right to trial by an impartial jury. U.S. Const. amend. VI. The United States Supreme Court's Sixth Amendment cases "have focused on when a given finding of fact is required to make a

---

[3] While the triggering fact for the mandatory minimum sentence under Section 9718 is, in this case, the same fact that is an element of the underlying criminal offense at Section 3123(a)(7), the vast majority of other criminal offenses referred to in Section 9718 follow the factual situation which gave rise to Alleyne, in that the fact that triggers the mandatory minimum sentence is independent of the facts constituting the elements of the underlying criminal offense. Indeed, of the 21 criminal offenses referenced in Section 9718(a)(1) and (2), only three, 18 Pa.C.S. § 3123(a)(7), (b) and (c), subsume the same factual predicate as that required for imposition of the mandatory minimum sentence. Additionally, I note that the convictions themselves of four offenses, 18 Pa.C.S. § 3121(c) and (d), 18 Pa.C.S. § 3125(a)(7), and 18 Pa.C.S. § 3125(b), serve as the necessary trigger for the mandatory minimum sentences provided in Section 9718(a)(3). Respecting this last situation, the issue of the validity under Alleyne of a mandatory minimum sentence imposed simply on the basis of the conviction of an underlying crime is raised in a petition for allowance of appeal that is currently before our Court in Commonwealth v. Resto, 774 MAL 2015.

defendant legally eligible for a more severe penalty." Peugh v. United States, 133 S. Ct. 2072, 2088 (2013).

While the Constitution mandates that a criminal conviction must "rest upon a jury determination that the defendant is guilty of every element of the crime" in question beyond a reasonable doubt, United States v. Gaudin, 515 U.S. 506, 510 (1995), early United States Supreme Court caselaw permitted a judge to determine "sentencing factors" without violating a defendant's right to trial by jury. See McMillan v. Pennsylvania, 477 U.S. 79, 93 (1986). In Apprendi v. New Jersey, 530 U.S. 466 (2000), however, the high Court overruled McMillan and held that any fact that increases a defendant's sentence "beyond the prescribed statutory maximum" is an element for the jury, regardless of the legislature's designation. Apprendi, 530 U.S. at 490.

While Apprendi spoke to increasing a statutory *maximum* sentence, eleven years later, in Alleyne, the Supreme Court concluded that "Apprendi applies with equal force to facts increasing [a] mandatory *minimum* [sentence]." Alleyne, 133 S. Ct. at 2160 (emphasis added). In that case, in an opinion authored by Justice Clarence Thomas, the Supreme Court explained that, under the Sixth Amendment, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S. Ct. at 2155. As a mandatory minimum sentence increases the penalty for a crime, the Court extended this principle and held that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury. Id. The trial judge in Alleyne had found by a preponderance of the evidence that the defendant "brandish[ed]" a weapon, which increased the penalty to which Alleyne was subjected. As such, the high Court determined that the fact triggering the mandatory minimum sentence was an element which had to be

determined by the jury beyond a reasonable doubt; accordingly, it remanded the matter for resentencing consistent with the jury's verdict. Id. at 2163-64.[4]

In reaching its conclusion, the Court conceptualized this Sixth Amendment right in these circumstances by offering that the "facts increasing the legally prescribed floor *aggravate* the punishment," and, therefore, "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury." Id. at 2161 (emphasis original); see also id. at 2162 ("When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."). With respect to principles of notice, the Court further opined that "[d]efining facts that increase a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment" and "preserves the historic role of the jury as an intermediary between the State and criminal defendants." Id. at 2161. Accordingly, where the fact which triggered the mandatory minimum sentence *was not an element of the underlying criminal offense*, the Court conceptualized the creation of a new aggravated offense to explain the constitutional import of the independent triggering fact leading to the imposition of the mandatory minimum sentence for purposes of Sixth Amendment protections. Thus, it is this fact-based inquiry underlying the constitutional protections recognized in Alleyne that is the proper focus of a Sixth Amendment analysis. As noted above, "the essential Sixth Amendment inquiry is whether a fact is an element of the crime." Alleyne, 133 S. Ct. at 2162.

---

[4] Although focusing on jury findings, the Supreme Court's decision in Alleyne gave no indication that its constitutional calculus would be any different if a judge, rather than a jury, was the fact finder of guilt.

Initially, in the matter *sub judice*, and unlike in <u>Alleyne</u>, the fact which triggered Appellee's mandatory minimum sentence was an element of the underlying criminal offense. Thus, before us is a foundationally distinct situation than that which served as the basis of the constitutional rights recognized by the <u>Alleyne</u> Court, as the engine that drove the <u>Alleyne</u> decision — an extra-offense fact necessary to the imposition of mandatory minimum sentencing — is absent. Accordingly, the sentencing at issue *sub judice* is legally distinct from the <u>Alleyne</u> scenario. Indeed, considering the underlying factors that prompted the constitutional rights recognized in <u>Alleyne</u> and applying them to this matter, in these limited circumstances, Appellee has received the benefit of every constitutional right recognized by the high Court in <u>Alleyne</u>.

First, <u>Alleyne</u> requires that a fact which increases the floor of a sentence be considered an "element" of the overall crime, and must, therefore, be found by a jury beyond a reasonable doubt. That is exactly what occurred in this case. Here, the relevant element of the offense required that the victim be less than 16 years old, 18 Pa.C.S. § 3123(a)(7) — precisely the same factual determination necessary to impose the mandatory minimum sentence under 18 Pa.C.S. § 9718. Thus, the triggering fact (the <u>Alleyne</u> "element") required to impose the mandatory minimum sentence was, by definition, an element of the underlying offense which the Commonwealth had to prove, and did prove, to a jury beyond a reasonable doubt.

Second, regarding notice, the <u>Alleyne</u> Court emphasized that the core criminal offense and the *fact* triggering the mandatory minimum sentence, together, constituted a new aggravated crime and the triggering fact must be charged in the indictment as an element of the new crime. The high Court explained that doing so would enable a

defendant to predict the legally applicable penalty from the face of the indictment.[5]
Here, the triggering fact was charged in the indictment as it was an element of the crime
and, thus, Appellee knew from the indictment the applicable penalty, including the
possibility of an enhanced minimum sentence. Contrary to the majority's position,
because the fact triggering the mandatory minimum sentence was not an extra or
independent fact, but a fact already part of an element of the underlying criminal
offense, no "new, aggravated crime" was created as envisioned by the Alleyne Court.
Alleyne, 133 S. Ct. at 2161. As a result, Alleyne's expressed concern about notice was
satisfied in this case.[6]

My determination that Appellee suffered no constitutional deprivation under
Alleyne must nevertheless be reconciled with the seemingly categorical language of our
recent decision in Hopkins, which I authored. Indeed, at first blush, there appears to be

---

[5] The critical nature of this notice-giving function is in some doubt given that Apprendi-type sentencing errors have been found to be susceptible to a harmless error analysis. See infra.

[6] To the degree the majority suggests that notice of the *decision to proceed* under Section 9718 was required under Alleyne and Hopkins, I disagree with such suggestion. Majority Opinion at 3 ("the absence of a requirement for pretrial notice of aggravation is in substantial tension with Alleyne"). All that is required under Alleyne is that *the fact* that triggers the mandatory minimum sentence be an element of the substantive offense so as to give notice of the legally applicable penalty. Alleyne, 133 S. Ct. at 2161 ("[d]efining facts that increase a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment"). As described above, Appellee had notice from the indictment of the fact that, to be convicted under Section 3123(a)(7), the jury had to find beyond a reasonable doubt that Appellee engaged in deviate sexual intercourse with the victim who was less than 16 years of age, that the defendant was 4 or more years older than the victim, and that the defendant and the victim were not married. 18 Pa.C.S. § 3123(a)(7). The trigger for imposition of the mandatory minimum sentence under Section 9718(a)(1) was a conviction under Section 3123(a)(7), where the victim was less than 16 years of age. 42 Pa.C.S. § 9718(a)(1). Thus, Appellee could have predicted the legally applicable penalty from the face of the indictment, thereby satisfying Alleyne.

tension between a conclusion that Appellee's constitutional rights under <u>Alleyne</u> were preserved, and the fact that Appellee's mandatory minimum sentence was imposed pursuant to Section 42 Pa.C.S. § 9718(a)(1) — a statute similar in structure to 18 Pa.C.S. § 6317, which we found in <u>Hopkins</u> to be constitutionally infirm under <u>Alleyne</u>. Nevertheless, upon closer scrutiny, there is no such tension in these circumstances.

In <u>Hopkins</u>, the Commonwealth sought the mandatory minimum sentence under 18 Pa.C.S. § 6317, which imposes a mandatory minimum sentence of two years imprisonment upon a defendant for a conviction of delivery or possession with intent to deliver a controlled substance where the offense occurs within 1,000 feet of, *inter alia*, a school. *Prior to sentencing*, the trial court declared Section 6317 to be unconstitutional in its entirety, finding the statute placed the fact-finding function of whether the crime occurred within 1,000 feet of a school in the hands of the sentencing court and allowed such fact to be found by the preponderance of the evidence. The Commonwealth in <u>Hopkins</u> conceded that certain provisions of Section 6317 were violative of <u>Alleyne</u>, and, thus, unconstitutional, but believed that its remaining provisions were severable and remained viable, or that special interrogatories could cure the statute's constitutional infirmity. Our Court agreed that, indeed, various provisions of the mandatory minimum sentencing statute were violative of <u>Alleyne</u>, but determined that the remaining constitutional provisions were not severable, as, standing alone, they were incomplete and incapable of vindication in accord with legislative intent. Thus, based upon the issue before the Court, we affirmed the trial court's determination, finding Section 6317 to be constitutionally deficient, as it failed to provide the due process and Sixth Amendment rights accorded a defendant under <u>Alleyne</u>.

All our decisions, including those involving constitutional rights, must be read against their facts and against the challenge presented. <u>Commonwealth v. Hale</u>, 128

A.3d 781, 785 n.6 (Pa. 2015). In particular, in <u>Hopkins</u>, we did not address sentencing provisions such as Section 9718 which, while structurally the same as Section 6317, apply to crimes critically distinct from the one at issue in <u>Hopkins</u>.[7] That is, we were not presented in <u>Hopkins</u> with the fortuity of a mandatory sentence triggered by a sentencing fact where that same fact was nonetheless an element of the offense to which the mandatory sentencing statute applied. Rather, at issue in <u>Hopkins</u> was an offense which, unlike here, did not contain as an element the fact triggering the enhanced mandatory minimum sentence — a classic <u>Alleyne</u> situation.

Importantly, *any* sentence imposed in <u>Hopkins</u> pursuant to 18 Pa.C.S. § 6317(a) would have been constitutionally infirm under <u>Alleyne</u> because the crime charged therein did not include as an element the sentencing fact triggering Section 6317's mandatory minimum sentence, and so would have resulted in a violation of <u>Alleyne</u>'s proof and notice requirements. Moreover, we eschewed judicially creating a new aggravated offense that included the sentencing fact as an element of the crime, as that outcome was specifically forsworn by the legislature. <u>See</u> 18 Pa.C.S. § 6317(b) ("The provisions of this section shall not be an element of the crime."). Thus, we held that Section 6317 was infirm. Finally, as the trial court in <u>Hopkins</u> struck the mandatory minimum sentencing statute as violative of <u>Alleyne</u> *prior* to imposing any enhanced sentence, no harmless error analysis was raised or implicated in <u>Hopkins</u>.

---

[7] As indicated above, the underlying offense in <u>Hopkins</u> was a conviction for possession with intent to deliver a controlled substance, 35 P.S. § 780-113(a)(30), which does not contain as an element the situs of the crime, and the mandatory minimum sentencing statute which imposed an enhanced sentence if the delivery of drugs supporting the conviction occurred within 1,000 feet of, *inter alia*, a school. 18 Pa.C.S. § 6317. Further, the only other offense for which Section 6317's mandatory minimum sentence was applicable was 35 P.S. § 780-113(a)(14), which also contained no reference to location.

By contrast, herein, Appellee was charged and convicted of an offense which includes as an element the sentencing fact triggering the mandatory minimum sentence in Section 9718 — that is, to convict Appellee of 18 Pa.C.S. § 3123(a)(7), the jury had to find beyond a reasonable doubt that the victim was less than 16 years old. As a result, despite the existence of provisions in Section 9718 which are suspect under Alleyne and Hopkins, they do not manifest an Alleyne violation in this case. In other words, the structure of the criminal offense in this case ensures that Alleyne's mandates will be satisfied. That the judge presumably also found the triggering fact by a preponderance of the evidence per Section 9718 — a *pro forma* act given the jury's finding the same fact beyond a reasonable doubt — is immaterial under Alleyne; indeed, the majority cites nothing to suggest the Alleyne Court was concerned about a judge making factual findings redundant to those of the jury. While we concluded in Hopkins that this "proof at sentencing" provision was not subject to severance in the circumstances presented in Hopkins, here, the mere existence of such a provision in the sentencing statute does not make a sentence that was imposed in accord with Alleyne unconstitutional. The focus for purposes of Alleyne is not on the sentencing statute, but, rather, on whether a defendant has been denied his or her right to a trial by jury on the facts triggering a sentence. Here, in these circumstances, Appellee has not. In short, Appellee's mandatory minimum sentence was imposed by a trial court pursuant to the authority of Section 9718 in a manner that, in these circumstances, fully comports with Alleyne.[8]

Indeed, in my view, we did not intend to suggest in Hopkins that an Alleyne analysis of a mandatory minimum sentence may be conducted in a vacuum, without consideration of the elements of the underlying criminal offense of which the defendant

---

[8] In comparison, as noted above, there are numerous crimes also triggering Section 9718's mandatory minimum sentences which arguably would result in a sentence violative of Alleyne. See supra note 3.

was convicted. Further, in determining that the sentencing statute at issue in <u>Hopkins</u> failed to provide the protections mandated by <u>Alleyne</u>, we neither announced a categorical holding of facial unconstitutionality of all mandatory minimum statutes nor suggested that all mandatory minimum statutes were unconstitutional under all circumstances. Rather, the predicate in <u>Hopkins</u> was a mandatory minimum statute triggered by a factual determination not an element of the underlying crime.

Moreover, the majority misinterprets <u>Hopkins</u>' severability analysis. <u>See</u> Majority Opinion at 16. A severability analysis is implicated only where a statute reveals a constitutional (or other) infirmity. In <u>Hopkins</u>, given the crime charged and the provisions of 18 Pa.C.S. § 6317, an <u>Alleyne</u> violation was manifest. By contrast, here, there is no <u>Alleyne</u> violation. As a result, there is no need to engage in any severability analysis regarding Section 9718. In essence, the approach taken by the majority "puts the cart before the horse" — finding Section 9718 to be non-severable and infirm without first identifying the constitutional violation to which Appellee was subjected. Moreover, whatever tension exists, as a matter of legislative intent, between the provisions of Section 3123(a)(7) and Section 9718 need not be resolved in order to conclude that Appellee's sentence was constitutional.[9]

---

[9] More specifically, because the fact triggering the mandatory minimum sentence is already an element of the underlying crime, it is unnecessary to contemplate whether <u>Alleyne</u>'s conceptualization of a distinct aggravated substantive offense would conflict with legislative intent, as we did in <u>Hopkins</u>, where the legislature specifically indicated that the fact triggering the mandatory minimum sentence was not to be to an element of a crime. <u>Cf.</u> <u>Hopkins</u>, 117 A.3d at 259. Again, the fact required for the mandatory minimum sentence is already part of the underlying offense which was required to be proven to a jury beyond a reasonable doubt. Likewise, we need not contemplate substituting procedures beyond those prescribed in the sentencing statute, or redrafting sentencing legislation. <u>Cf.</u> <u>id.</u> at 261 ("It is beyond our province to, in essence, rewrite Section 6317 to transform its sentencing commands, whether by utilizing special verdicts or otherwise, into a new substantive offense, contrary to the express legislative intent to the contrary."). As, in these admittedly unique circumstances, the existing (continued…)

In my view, a challenge to a sentence or sentencing scheme based upon Alleyne must be considered in the context of the underlying criminal offense, as the basis for finding a violation under Alleyne, and, thus, Hopkins, is a mandatory minimum sentence triggered by a fact found not by a jury beyond a reasonable doubt and without prior notice. Yet, the majority finds Appellee is entitled to relief because, although Appellee's Sixth Amendment rights were preserved "in the abstract" given that a jury found beyond a reasonable doubt the charged element that the victim was less than 16 years old, see Majority Opinion at 17, his Sixth Amendment jury trial rights were nonetheless impaired because a sentencing judge redundantly found this same fact by a lesser burden of proof. I can find no support in Alleyne for this analysis.

Finally, assuming *arguendo*, Section 9718 is infirm, while the majority rejects the application of a harmless error analysis, both state and federal courts which have considered this Sixth Amendment issue have embraced a harmless error analysis, and I find this case easily satisfies harmless error criteria. First, there is a strong presumption that constitutional errors permit a harmless error analysis. Based on its determination that Apprendi violations are subject to a harmless error analysis, Washington v. Recuenco, 548 U.S. 212, 218-22 (2006) (finding a failure to submit a sentencing factor to the jury, like the failure to submit an element to the jury, is not structural and, thus, is subject to a harmless error analysis), and, as Alleyne is an extension of the Apprendi doctrine, the United States Supreme Court will most certainly apply a harmless error analysis to violations of Alleyne. Numerous state and federal courts have already done

_____

(…continued)
sentencing legislation may be applied in a constitutional manner, there is no Alleyne violation. As such, contrary to the majority's approach, our decision in Hopkins does not necessitate a finding that the statute under which Appellee was sentenced is fatally invalid.

so.  See Lightfoot v. State, 152 So.3d 445 (Ala. 2013); Arizona v. Lizardi, 323 P.3d 1152 (Ariz. App. 2014); Britten v. State, 181 So.3d 1215 (Fla. App. 2015); State v. Willan, 41 N.E.3d 366 (Ohio 2015); United States v. Harakaly, 734 F.3d 88 (1st Cir. 2013); United States v. Lewis, 802 F.3d 449 (3d Cir. 2015); United States v. Mack, 729 F.3d 594 (6th Cir. 2013); United States v. Lara-Ruiz, 721 F.3d 554 (8th Cir. 2013); United States v. Carr, 761 F.3d 1068 (9th Cir. 2014); United States v. Payne, 763 F.3d 1301 (11th Cir. 2014).  Indeed, certain of these decisions have embraced a broad harmless error analysis, finding any error to be harmless where a rational jury would have found the triggering fact in light of overwhelming evidence.  See, e.g., Britten; Willan; Harakaly; Mack; Payne.  Of course, assessment of the broadest harmless error approach is unnecessary here, where a jury *actually found* beyond a reasonable doubt the triggering fact.

Regardless, these tribunals' approach supports a determination that the imposition of a sentence in violation of Alleyne does not require resentencing in all circumstances.  Indeed, the majority's rejection of a harmless error analysis will result in an undeserved windfall to certain defendants.  This is especially true in the matter *sub judice*, as here, even accepting, *arguendo*, that the sentencing statute does not, by its terms, provide the protections announced in Alleyne, Appellee has received all that Alleyne requires.  Accordingly, any error in sentencing was harmless.  To sharpen the point, our Court has pending before it an appeal in which a conviction for the rape of a child, less than 13 years of age, 18 Pa.C.S. § 3121(c), serves as the factual trigger for a mandatory minimum sentence of not less than 10 years imprisonment under Section 9718.  42 Pa.C.S. § 9718(a)(3); see supra note 3.  Thus, a conviction of the offense itself is trigger for the mandatory minimum sentence.  Yet, even in this most straightforward of cases, where the underlying conviction itself is the trigger for a

mandatory minimum sentence, under the majority's approach, the defendant will argue entitlement to a new sentencing hearing. In my view, the majority's rejection of a harmless error analysis herein is inconsistent with the teachings of <u>Alleyne</u>, subsequent state and federal caselaw, and common sense.

Accordingly, for the above-stated reasons, I respectfully dissent.

Justice Dougherty joins this dissenting opinion.