DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALEXIS J. CARTAGENA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2200

[January 10, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562014CF003878A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

This case presents two issues for our review. First, we are asked to determine whether evidence of acts committed by appellant shortly after the charged crime is considered inextricably intertwined with the offense so as to be admissible at trial. Second, we must decide whether the trial court properly applied a sentencing multiplier based on facts not submitted to the jury. As to the first issue, we affirm. As to the second, we reverse and remand for resentencing.

Appellant was charged with and found guilty of battery by strangulation. The battery occurred during a domestic dispute between appellant and his daughter. During an argument with appellant, the daughter attempted to retreat to her bedroom with her infant child. Appellant followed the daughter, pushing her onto her bed. At this point, the daughter's grandmother took the infant child, leaving appellant and his daughter alone in the room. The fight continued, with appellant eventually holding his daughter by the throat for about thirty seconds. Once appellant released the daughter, she left the house.

After calling the police, the daughter returned to her room, where she found several of her belongings broken on the floor. At trial, the state introduced the daughter's deposition testimony that appellant broke "everything" in her room—apparently in anger, according to the state—after the battery by strangulation occurred. Over appellant's objection that the testimony constituted collateral matter evidence, the trial court admitted the testimony as evidence of an inextricably intertwined act.

We review rulings on the admissibility of evidence for abuse of discretion. *Gaines v. State*, 155 So. 3d 1264, 1271 (Fla. 4th DCA 2015). Evidence is admissible as inextricably intertwined if it is necessary to adequately describe the charged crime, provide an intelligent account of the charged crime, establish the context out of which the charged crime arose, or adequately describe events leading up to the charged crime. *Ward v. State*, 59 So. 3d 1220, 1222 (Fla. 4th DCA 2011).

Here, the daughter's testimony regarding appellant's destruction of her belongings tended to show appellant's state of mind immediately following the battery. Because it was necessary to describe and contextualize the crime, the testimony was admissible. *See id.*

However, the trial court's improper use of a sentencing multiplier mandates reversal and resentencing. Appellant's initial guidelines score qualified him for a non-prison sentence. The trial court then applied a 1.5 multiplier for "domestic violence in the presence of a related child," increasing the mandatory minimum sentence to preclude any non-prison sanction. The court sentenced appellant to thirty-six months in prison.

As a threshold matter, we note that appellant preserved the sentencing error by filing a motion to correct sentencing. *See Allen v. State*, 172 So. 3d 523, 524-25 (Fla. 4th DCA 2015) ("[I]t is well-settled that a defendant may raise unpreserved sentencing errors under a rule 3.800(b)(2) motion."). Whether a trial court properly assessed points on a sentencing scoresheet is subject to de novo review. *Blair v. State*, 201 So. 3d 800, 802 (Fla. 4th DCA 2016).

In order to afford a criminal defendant due process, "any fact that increases the mandatory minimum [sentence]," with the exception of a prior conviction, "is an 'element' that must be submitted to the jury." *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). Failure to submit such an element to the jury is harmless, however, "if the record demonstrates beyond a reasonable doubt that a rational jury would have found the fact required to impose the mandatory minimum term." *Britten v. State*, 181 So. 3d 1215, 1218 (Fla. 1st DCA 2015).

Here, the court applied a sentencing multiplier for domestic violence in the presence of a related child. However, the jury was never presented with an interrogatory regarding the child's presence, nor did its verdict reflect any finding that the battery by strangulation was committed while the child was in the room. Because the child's presence was an "element" that increased the mandatory minimum sentence and was not submitted to the jury, the trial court committed an *Alleyne* error. *Alleyne*, 133 S. Ct. at 2155. As the testimony at trial suggested that the daughter's son may or may not have been present during the battery by strangulation, we cannot say that that the jury would have found the child present at the time of the battery beyond a reasonable doubt, so the error is not harmless. *See Britten*, 181 So. 3d at 1218.

Because the court applied a domestic violence multiplier without the jury having found that a related child was present during the battery, reversal is required. *See Mathew v. State*, 837 So. 2d 1167, 1171 (Fla. 4th DCA 2003). Consistent with the requirements of *Alleyne* and our opinion in *Mathew,* we reverse and remand for the trial court to resentence appellant without the multiplier for domestic violence in the presence of a related child.

*Affirmed in part, reversed in part, and remanded for resentencing.*

GERBER, C.J., and CIKLIN J., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

3