965 So.2d 1233 (2007)
Michael FLOWERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D07-3328.
District Court of Appeal of Florida, First District.
September 28, 2007.
Michael Flowers, pro se, Petitioner.
Bill McCollum, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Respondent.
*1234 PER CURIAM.
Michael Flowers petitions this court for relief on a theory of ineffective assistance of appellate counsel. His direct appeal to this court from judgment and sentence of the Circuit Court for Duval County resulted in an affirmance. Flowers v. State, 951 So.2d 833 (Fla. 1st DCA 2007). For the reasons set forth below, we grant the petition in part, deny it in part, and order commencement of a new appellate proceeding.
Petitioner first claims that his sentence was illegal under the holding of Yasin v. State, 896 So.2d 875 (Fla. 5th DCA 2005). Appellate counsel, according to petitioner, should have preserved the issue by filing a motion in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) and, if that motion was denied, raised the issue on appeal. This theory of ineffective assistance of appellate counsel has been recognized by this court. Evans v. State, 904 So.2d 638 (Fla. 1st DCA 2005). Although we refrain from here concluding that the sentence was illegal because the issue must be first addressed by the trial court, there does appear to be a reasonable probability that petitioner's Yasin challenge will ultimately result in a more favorable sentence.
Petitioner's second claim is that a hearing conducted pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973) was legally insufficient and that he was prejudiced because he eventually represented himself at trial when he should have been appointed alternate counsel. He argues that his appellate counsel was ineffective in failing to order a transcript of the Nelson hearing. This, too, is a recognized theory which may result in relief in some circumstances. Martone v. State, 867 So.2d 510 (Fla. 4th DCA 2004).
We find petitioner's other two claims to be without merit and deny the petition as to them without discussion.
The petition is granted in part and we order commencement of a new appellate proceeding. Shabazz v. State, 955 So.2d 57 (Fla. 1st DCA 2007). A copy of this opinion will be provided to the clerk of the circuit court upon issuance of mandate, who shall treat it as a timely notice of appeal. If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal. The resulting new appellate proceeding before this court shall be limited to the two issues described above.
PETITION GRANTED IN PART AND DENIED IN PART.
BROWNING, C.J., ALLEN and THOMAS, JJ., concur.