PER CURIAM.
 

 The defendant prevailed on a claim of ineffective assistance of appellate counsel in a previous appearance before this court,
 
 see Flowers v. State,
 
 965 So.2d 1233 (Fla. 1st DCA 2007), and he was granted a new direct appeal on two issues: whether the trial court failed to conduct a proper hearing under
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973), and whether his sentence was illegal. He is now before the court on the new direct appeal. We affirm as to the
 
 Nelson
 
 issue but grant him a new direct appeal, once again, on the sentencing issue.
 

 In our previous opinion, we concluded that the defendant would have had a reasonable probability of success in his original direct appeal on a sentencing issue, but that he did not receive effective assistance of counsel, because the lawyer appointed to represent him on appeal failed to preserve the issue by filing a motion under rule 3.800(b)(2) of the Florida Rules of Criminal Procedure. We explained that we could not decide the sentencing issue on the merits, because it had not yet been presented to the trial court.
 

 The appellate lawyer representing the defendant in the present appeal argued that the previous appellate lawyer was ineffective. However, that issue was determined in the prior opinion of this court. Evidently, the lawyer representing the defendant in the present appeal misunderstood our previous opinion. He did not preserve the sentencing issue for review on the merits by filing a rule 3.800(b)(2) motion in the trial court. As a consequence of this apparent misunderstanding, appellate counsel failed to cure the deficiency identified in the opinion. The posture of the case remains the same: the defendant still has a reasonable possibility of success on a sentencing issue that has not yet been preserved for review on appeal.
 

 The procedural error cannot be corrected in this review proceeding, because the defendant has already filed an initial brief. Additionally, the lawyer appointed to represent the defendant in this proceeding has now moved to withdraw as counsel. In these circumstances, we conclude that we must grant the defendant a new direct appeal on the sentencing issue. A copy of this opinion will be provided to the clerk of the circuit court, who shall treat it as a timely notice of appeal. If the defendant qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.
 

 We emphasize that the new appellate lawyer will be required to file a rule 3.800(b)(2) motion in the trial court prior to filing the initial brief, in order to cure the deficiency we have identified. Then, assuming counsel can make a good faith argument on the merits of the sentencing issue, that argument should be made in the defendant’s initial brief. Because this proceeding has been concluded, we deny the motion to withdraw filed by the defendant’s present appellate counsel. The defendant is entitled to a new direct appeal only as to the sentencing issue, and he will begin the appeal again with a different appellate lawyer.
 

 Affirmed in part and remanded.
 

 WEBSTER, PADOVANO, and ROWE, JJ., concur.