MARSTILLER, J.
 

 Michael Flowers appeals his life sentence for aggravated battery with a firearm.
 
 *
 
 He argues the sentence, which in-
 
 *1043
 
 eludes a minimum mandatory term of life in prison, is illegal because section 775.087(2)(a)3, Florida Statutes, limits the minimum mandatory period to twenty-five years. We affirm the sentence under the authority of
 
 Mendenhall v. State,
 
 48 So.3d 740 (Fla.2010).
 

 A jury found Flowers guilty of two counts of aggravated battery with a firearm. On Count I, the jury found he discharged the firearm while committing the crime, causing great bodily harm to victim James Johnson. On Count II, the jury found only that he discharged the firearm during commission of the crime. At sentencing, the trial court deemed Flowers a habitual felony offender. On Count I, the court sentenced him to life imprisonment. It further found the criteria in section 775.087(2)(a)3 satisfied, and imposed a minimum mandatory life sentence. As to Count II, the court determined that section 775.087(2)(a)2 applied, and it sentenced Flowers to twenty years’ imprisonment. On appeal, Flowers challenges only the sentence imposed for Count I.
 

 The statute the trial court relied on in setting the minimum mandatory portion of Flowers’ sentence is section 775.087, commonly known as the 10-20-Life statute. Under the statute, a person who commits any of the enumerated felonies is subject to specific mandatory prison terms if, while committing the offense, she or he possesses a firearm, discharges a firearm, or causes death or great bodily harm as a result of discharging a firearm. The statutory language at issue here reads:
 

 Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)l.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a “firearm” or “destructive device” as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person
 
 shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
 

 § 775.087(2)(a)3, Fla. Stat. (emphasis added). Flowers argues this provision only permits a twenty-five-year minimum mandatory sentence.
 
 Mendenhall
 
 holds otherwise.
 

 The question in
 
 Mendenhall
 
 was whether the trial court could impose a thirty-five-year minimum mandatory sentence under section 775.087(2)(a)3 for attempted second-degree murder with a firearm when the maximum sentence for that offense is thirty years under section 775.082(3)(b)-(c). 48 So.3d at 742. The supreme court concluded first that “the specific provisions of section 775.087(2)(a)(3) prevail over the general provisions of the [sic] 775.082 regarding statutory máximums.” 48 So.3d at 748. The court then construed the statutory language highlighted
 
 supra
 
 to mean “the trial court has discretion to impose a mandatory minimum
 
 within the range of twenty-five years to life.”
 
 48 So.3d at 750
 
 *1044
 
 (emphasis added). “[W]e conclude that the trial court has discretion under section 775.087(2)(a)(3) to impose a mandatory minimum of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum provided for in section 775.082.” 48 So.3d at 742. Accordingly, the court upheld the thirty-five-year minimum mandatory sentence under review.
 
 Id.
 

 The question in this case simply is whether imposition of a minimum mandatory life term is permissible under the 10-20-Life statute. Applying
 
 Mendenhall,
 
 the trial court had the discretion under section 775.087(2)(a)3 to impose a minimum mandatory term anywhere within the range of twenty-five years to life in prison. This it could have done even if the minimum mandatory term exceeded the statutory maximum for the offense. Accordingly, we affirm Flowers’ life sentence, with a minimum mandatory of life, for aggravated battery with a firearm.
 

 AFFIRMED.
 

 PADOVANO and ROBERTS, JJ., concur.
 

 *
 

 This is Appellant's fourth appearance in this court challenging his 2006 convictions and
 
 *1043
 
 sentences for two counts of aggravated battery with a firearm. We initially affirmed the convictions and sentences.
 
 Flowers v. State,
 
 951 So.2d 833 (Fla. 1st DCA 2007) (table). Then we granted him a new appeal, based on a claim of ineffective assistance of appellate counsel, on two issues: whether his minimum mandatory life sentence is illegal, and whether the trial court conducted a legally insufficient
 
 Nelson
 
 hearing.
 
 Flowers v. State,
 
 965 So.2d 1233 (Fla. 1st DCA 2007). When he took that appeal, we affirmed on the
 
 Nelson
 
 issue, but granted yet another appeal on the sentencing issue because new appellate counsel failed to preserve it for review by filing a rule 3.800(b) motion.
 
 Flowers v. State,
 
 36 So.3d 702 (Fla. 1st DCA 2010). This sentencing issue is now properly before us.