DAMOORGIAN, J.
Diego Tambriz-Ramirez appeals his judgment and sentence for one count of burglary with a battery while masked, one count of aggravated assault while masked, and one count of attempted sexual battery with a deadly weapon. We affirm in part and reverse in part.
Mr. Tambriz-Ramirez raises the following arguments on appeal: (1) the trial court erred by failing to declare a testifying handwriting expert as an expert witness; (2) his life sentence for his burglary with battery is excessive; and (3) his 30-year sentence for attempted sexual battery is illegal. We conclude that the first two arguments have no merit and decline to comment further. We do, however, hold that Mr. Tambriz-Ramirez’s sentence for attempted sexual battery is illegal, and remand for resentencing.
Attempted sexual battery with a deadly weapon is a second degree felony. § 777.04(4)(c), Fla. Stat. (2010). The maximum penalty for a second degree felony is fifteen years. § 775.082(3)(c), Fla. Stat. (2010). The trial court sentenced Mr. Tambriz-Ramirez to thirty years in prison. This was in excess of the amount allowed by statute and thus error.
The State concedes the trial court’s error, but urges us to direct the trial court to resentence Mr. Tambriz-Ramirez under the enhanced mandatory sentencing guidelines set forth in section 794.0115, Florida Statutes (2010), Florida’s Dangerous Sexu *768 al Felony Offender Act (“the Act”). We hold that Mr. Tambriz-Ramirez does not qualify for mandatory enhanced sentencing under the Act because he was not convicted of one of the qualifying crimes enumerated in section 794.0115(2). In interpreting the Act, we are bound by its plain language and cannot add words that were not included by the Legislature. Exposito v. State, 891 So.2d 525, 528 (Fla.2004). Although sexual battery with a deadly weapon is listed as qualifying crime, the Act makes no mention of whether an attempt can also be a qualifying crime. The absence of any reference to “attempts” is significant, especially in light of the fact that the Legislature chose to expressly identify “attempts” in other sentencing enhancement statutes. See, e.g. §§ 775.084(1)(b)-(c), Fla. Stat. (2012) (including “attempts” in defining qualifying offenses for sentencing as a violent felony offender and third-time violent felony offender). Thus, we conclude that since the Act does not include any language referencing attempts, attempts of qualifying crimes are not qualifying crimes under the Act. See Walters v. State, 790 So.2d 483, 485 (Fla. 5th DCA 2001) (absence of “attempts” under list of qualifying crimes supported defendant’s arguments that a conviction for an attempt of a qualifying crime did not subject him to sentence heightening statute).
Accordingly, we reverse and remand with directions to designate the offense a second degree felony and to impose a sentence of not more than fifteen years.

Affirmed, in part; Reversed in part and Remanded for resentencing.

STEVENSON and CONNER, JJ., concur.