GRIFFIN, J.
Appellant, Freddie Felder [“Felder”], appeals his sentence of life in prison as a dangerous sexual offender after conviction of lewd and lascivious battery on a person twelve years of age, but less than sixteen years of age, in violation of section 800.04(4)(a), Florida Statutes (2010).
The victim woke up to some noise around five in the morning with a masked man in her bedroom who put a knife to her face and threatened to kill her if she did not take off her clothes and have sex with him. When she refused he started choking her. There were marks, scratches and bruising on the victim’s throat. He then forcefully penetrated her vagina with his penis. A windowpane was on the victim’s bed in her room, and the DNA collected from the victim matched the sample taken from Felder. Felder initially told the detective that he was out of town when the incident occurred and then changed his story to consensual sex when informed of the DNA match.
Felder was charged with lewd and lascivious battery, two counts of sexual battery (deadly force), including allegations that Felder used or threatened to use a pocket knife or used physical force likely to cause personal injury, and burglary with an assault or battery while armed with a knife. Shortly before the scheduled trial, however, the State again amended the information and charged Felder in one count only with lewd and lascivious sexual battery of a person over twelve years of age, but under sixteen years of age, with the further allegation that Felder had previously been convicted of attempted sexual battery in 1999, thereby qualifying him for sentencing under section 794.0115, Florida Statutes (2010) (“dangerous sexual felony offender”). Upon amendment of the information, Felder elected to plead nolo con-tendere. It was his position that his attempted sexual battery conviction was not a qualifying offense under section 794.0115, Florida Statutes.
The purpose of the Dangerous Sexual Felony Offender Act is to provide enhanced sentences for repeat sex offenders. State v. Mason, 979 So.2d 301 (Fla. 5th DCA 2008). An offender qualifies as a dangerous sexual offender by conviction of a listed offense under the statute if he also meets one of five enumerated criteria:
(a) Caused serious personal injury to the victim as a result of the commission of the offense;
(b) Used or threatened to use a deadly weapon during the commission of the offense;
(c) Victimized more than one person during the course of the criminal episode applicable to the offense;
(d) Committed the offense while under the jurisdiction of a court for a felony offense under the laws of this state, for an offense that is a felony in another jurisdiction, or for an offense that would be a felony if that offense were committed in this state; or
(e) Has previously been convicted of a violation of s. 787.025(2)(c); s. 794.011(2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.0125(2) or (3); s. 827.071(2), (3), or (4), s. 847.0145; of any offense under a former statutory designation which is similar in elements to an offense described in this paragraph; or of any offense that is a felony in another jurisdiction, or would be a felony if that offense were committed in this state, and which is similar in elements to an offense described in this paragraph.
*607 § 794.0115(2), Fla. Stat. (2010); Espinoza-Montes v. State, 113 So.3d 847 (Fla. 2d DCA 2011).
By virtue of the amendment to the charge against Felder, the State was limited to subsection (e). Felder had not been convicted in 1999 of an enumerated felony, however, only an “attempt.” The State argued below:
And, Judge, like I said, the State’s argument is we believe he qualifies under the Dangerous Sexual Felony Offender Act under Subsection (e), because he’s previously been convicted under the attempted sexual battery charge.
And under Section (e) it states, of any offense under a former statutory designation, which is similar elements to an offense described in this paragraph, or any offense that is a felony in the jurisdiction or would be a felony if that were committed in this state and which is similar in elements to the offense described in this paragraph.
The court below found Felder to be a dangerous sexual felony offender, relying on the facts from this, as well as the facts from the prior offense. Specifically, for this offense, the court found that, based upon the evidence that Felder used a knife, choked the victim and threatened her that her cousin would be next.
An “attempt” is committed when a person fails in the perpetration of, or is intercepted in, or prevented from the execution of an offense. § 777.04(1), Fla. Stat. (2010). It requires the State to prove that the defendant intended to commit a crime, committed an overt act towards its commission and failed to successfully complete the crime. Carlton v. State, 103 So.3d 937 (Fla. 5th DCA 2012); Bist v. State, 35 So.3d 936 (Fla. 5th DCA 2010).
Felder argued that section 794.0115, amended in 2003, excluded prior convictions for attempted sexual battery from consideration and thus, Appellant did not meet the requirements to be sentenced as a dangerous sexual felony offender. Section 794.0115, Florida Statutes (1999), as originally enacted, provided for mandatory minimum sentencing for repeat sexual batterers and provided:
(1) As used in this act, “repeat sexual batterer” means a defendant for whom the court must impose a mandatory minimum term of imprisonment, as provided in subsection (3), if it finds that:
(a) the defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for:
1. Any felony offense in violation of s.794.011(2)(b), (3), (4) or (5), or an attempt of conspiracy to commit the felony offense.
(Emphasis added).
In the 2003 legislative session, section 794.0115 was substantially amended and retitled “Dangerous Sexual Felony Offender Act.” The “attempt or conspiracy” language was removed. Felder contends that the deletion by the Legislature of the “attempt” language clearly represents an intent to exclude a prior conviction for an “attempted” offense. Felder appears to be correct. First, the language employed in subsection (e) suggests that it is intended to apply to previous versions of current statutes or parallel statutes from other jurisdictions, not attempts. Additionally, the 2003 revisions to section 794.0115 suggest a legislative intent not to include “attempts” among the criminal convictions that would qualify for this very severe sentencing alternative. This was the conclusion recently reached by the Fourth District Court of Appeal in Tambriz-Ra- *608 mirez v. State, 112 So.3d 767 (Fla. 4th DCA 2013).[1]
The facts adduced during the sentencing hearing about Felder’s 1999 crime are chilling:
THE COURT: [T]he defendant unlawfully and against her will forced [a young girl] ... into a[car] ... by pulling her by the hair and threatening to kill her if she yelled. The car was occupied by three other black males.
[[Image here]]
When [the victim] refused [his sexual demands], he strangled her.... He drug her out of the car by her hair. He beat her about the head and chest. He forced her to remove her pants, pushed her down and had sex with her. During that fight, he beat her and repeatedly told her he was going to kill her. He ran off when a car came. She required treatment at the hospital for her injuries.
Apparently, however, he was allowed to plead to this crime as an “attempt.” There may be no doubt, as argued below by the State, that Felder is a dangerous sexual felony offender, but he does not qualify for enhanced sentencing under section 794.0115 because his prior offense is not a qualifying crime.
REVERSED and REMANDED.
PALMER and TORPY, JJ., concur.

. In Tambriz-Ramirez, the “attempted sexual battery” was the current offense, not the previous offense, but, given the structure of the statute, the analysis is the same.