ORFINGER, J.
Jacob A. Wilkerson appeals his conviction and sentence for lewd or lascivious battery on a fourteen-year-old child. Wilkerson raises several issues on appeal, only one of which merits discussion. Following his conviction, Wilkerson was classified a dangerous sexual felony offender pursuant to section 794.0115(2), Florida Statutes (2012). While he does not challenge that designation, he contends his life sentence, with a mandatory minimum term of twenty-five years imprisonment, is illegal.[1] We agree and reverse for resentenc-ing.
We review the trial court’s interpretation of sentencing statutes de novo. E.g., Paul v. State, 129 So.3d 1058, 1061 (Fla.2013). Legislative intent is the polestar that guides a court’s statutory interpretation. Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003). To discern legislative intent, courts look to the statute’s language since the statute’s text primarily determines legislative intent. Anderson v. State, 87 So.3d 774, 777 (Fla.2012); State v. D.C., 114 So.3d 440, 441 (Fla. 5th DCA 2013).
*463 The purpose of section 794.0115 is to provide enhanced sentences for repeat sex offenders such as Wilkerson. Felder v. State, 116 So.3d 605, 606 (Fla. 5th DCA 2013); State v. Mason, 979 So.2d 301, 303 (Fla. 5th DCA 2008). Section 794.0115(2)(e) requires that an individual found to be a dangerous sexual felony offender “be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment.”[2] Section 794.0115(6) further provides:
(6) Notwithstanding s. 775.082(3), chapter 958, any other law, or any interpretation or construction thereof, a person subject to sentencing under this section must be sentenced to the mandatory term of imprisonment provided under this section. If the mandatory minimum term of imprisonment imposed under this section exceeds the maximum sentence authorized under s. 775.082, s. 775.084, or chapter 921, the mandatory minimum term of imprisonment under this section must be imposed. If the mandatory minimum term of imprisonment under this section is less than the sentence that could be imposed under s. 775.082, s. 775.084, or chapter 921, the sentence imposed must include the mandatory minimum term of imprisonment under this section.
(Emphasis added).
Here, Wilkerson was convicted under section 800.04(4)(b), a second-degree felony, generally punishable by a term of imprisonment of up to fifteen years. See § 775.082, Fla. Stat. (2012). Section 794.0115(6) provides that when, as here, the mandatory minimum under section 794.0015 (twenty-five years) exceeds the maximum sentence authorized under section 775.082 (fifteen years), the mandatory minimum must be imposed. Thus, while we conclude the trial court was required to impose the twenty-five year minimum sentence, the life sentence was unauthorized.
For these reasons, we affirm Wilkerson’s conviction, but remand for correction of sentence. Since the only lawful sentence that can be imposed under the circumstances is the twenty-five year minimum mandatory prison term required by section 794.0115(6), Wilkerson need not be present at resentencing.
AFFIRMED in part; REVERSED in part; REMANDED for correction of sentence.
TORPY, C.J., and EVANDER, J., concur.

. The sentencing issue was preserved by the filing of a timely motion under Florida Rule of Criminal Procedure 3.800(b)(2).

. Section 794.0115(2)(e) was recently amended to require a fifty-year minimum mandatory, but that amendment is not applicable here. Ch. 2014-4, § 4, at 7, Laws of Fla. (effective Oct. 1, 2014).