IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TYRONE WILLIAMS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5716

Opinion filed April 12, 2016.

An appeal from an order of the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Tyrone Williams, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.


LEWIS, J.

     Appellant, Tyrone Williams, appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we affirm the order denying relief and certify conflict with the Fifth District's opinion in Wilkerson v. State, 143 So. 3d 462 (Fla. 5th DCA 2014).

Appellant was convicted of sexual battery by use of force not likely to cause serious personal injury, a second-degree felony punishable by up to fifteen years' imprisonment. §§ 775.082(3)(c); 794.011(5)(a), Fla. Stat. (2009). Appellant was sentenced to life imprisonment as a dangerous sexual felony offender ("DSFO") pursuant to section 794.0115, Florida Statutes (2009). Appellant contends that his life sentence as a DSFO[1] is illegal. He relies on Wilkerson v. State, 143 So. 3d 462 (Fla. 5th DCA 2014), which held that pursuant to section 794.0115(6), where the minimum mandatory required by section 794.0115, Florida Statutes (2009), exceeds the maximum sentence authorized by section 775.082(3)(c), the trial court is limited to imposing a twenty-five-year minimum mandatory, and a life sentence is not authorized. However, based upon the plain language of section 794.0115, we disagree with the Fifth District's holding in Wilkerson. See Williams v. State, 121 So. 3d 524, 530 (Fla. 2013) (noting that the plain and ordinary meaning of the words of a statute must control and that when a statute is clear, a court need not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent).

Section 794.0115(2), Florida Statutes (2009), states that a DSFO "must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment." Section 794.0115(6) mandates that if the minimum

---

[1] Appellant does not challenge his DSFO designation.

2

mandatory term of section 794.0115 exceeds the statutory maximum authorized by section 775.082, the minimum mandatory term must be imposed. The plain language of the statute makes the DSFO minimum mandatory sentence *any* term between twenty-five years and life in prison, as the statute specifically states that the minimum mandatory is "25 years imprisonment **up to, and including, life imprisonment**." § 794.0115(2), Fla. Stat. (2009) (emphasis added). There is no restriction on the length of the minimum mandatory that may be imposed, other than that it must be between twenty-five years and life. Thus, a minimum mandatory life sentence is authorized by section 794.0115 regardless of the statutory maximum of the crime.

This Court has read a similar "25 to life" provision, section 775.087(2)(a)3., Florida Statutes, to permit the imposition of a life sentence for a second-degree felony. In Flowers v. State, 69 So. 3d 1042, 1044 (Fla. 1st DCA 2011), this Court held that pursuant to the 10-20-life statute, which requires a minimum mandatory term of "not less than 25 years and not more than a term of imprisonment of life in prison" when a defendant discharges a firearm and causes great bodily harm or death, the trial court could impose any minimum mandatory term between twenty-five years and life for a defendant convicted of a second-degree felony. This Court specifically rejected the argument that section 775.087(2)(a)3. limits the minimum mandatory period to twenty-five years for a second-degree felony. Id. This

3

Court's reasoning in <u>Flowers</u> applies to section 794.0115 as well. Appellant's minimum mandatory life sentence as a dangerous sexual felony offender is legal as it is specifically authorized by section 794.0115. We recognize that this holding conflicts with the Fifth District's opinion in <u>Wilkerson</u>, and we certify conflict with that decision.

AFFIRMED; CONFLICT CERTIFIED.

THOMAS, J., CONCURS; MAKAR, J., CONCURS WITH OPINION.

MAKAR, J., concurring.

I concur fully, noting that the Fifth District's decision in <u>Wilkerson v. State</u>, 143 So. 3d 461 (Fla. 5th DCA 2014), cannot stand unless our supreme court revisits and changes course from its decision in <u>Mendenhall v. State</u>, 48 So. 3d 740, 750 (Fla. 2010), whose holding our court applied to validate the trial court's discretionary imposition of a "minimum mandatory life term" in <u>Flowers v. State</u>, 69 So. 3d 1042, 1044 (Fla. 1st DCA 2011). Reasonable alternative interpretations of the sentencing statutes at issue in these cases exist, resulting in the 4-3 decision in <u>Mendenhall</u> as well as the interpretive conflict between this case and <u>Wilkerson</u> (which did not mention <u>Mendenhall</u>). Absent resolution of the conflict, trial judges across Florida will lack uniform guidance on their sentencing discretion resulting in geographically incongruous results as a comparison of this case with <u>Wilkerson</u> demonstrates.