MAKAR, J.,
concurring.
I concur fully, noting that the Fifth District’s decision, in Wilkerson v. State, 143 So.3d 462 (Fla. 5th DCA 2014), cannot stand unless our supreme court revisits and changes course from its decision in Mendenhall v. State, 48 So.3d 740, 750 (Fla.2010), whose holding our court applied to validate the trial court’s discretionary imposition of a “minimum mandatory life term” in Flowers v. State, 69 So.3d 1042, 1044 (Fla. 1st DCA 2011). Reasonable alternative interpretations of the sentencing statutes at issue in these cases exist, resulting in the 4-3 decision in Menden-hall as well as. the interpretive conflict between this case and Wilkerson (which did not mention Mendenhall). Absent resolution of the conflict, trial judges across Florida will lack uniform guidance on their sentencing discretion resulting in geographically incongruous results as a comparison of this case with Wilkerson demonstrates.