NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES BAXTER,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D14-5661
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed December 9, 2016.

Appeal from the Circuit Court for Pinellas
County; Philip J. Federico, Judge.

Howard L. Dimmig, II, Public Defender, and
Anthony W. Surber, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

          James Baxter challenges his conviction for lewd or lascivious molestation

on a thirteen-year-old child, as well as his sentence of thirty years' imprisonment as a

dangerous sexual felony offender (DSFO).  Although Mr. Baxter raises two issues on

appeal, only the issue regarding his sentence warrants discussion.[1] Because the plain language of section 794.0115(2), Florida Statutes (2012), allows the trial court to sentence a DSFO "to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment," we hold that Mr. Baxter's sentence is legal. Accordingly, we agree with the First District's decision in Williams v. State, 189 So. 3d 288 (Fla. 1st DCA 2016), and certify conflict with the Fifth District's decision in Wilkerson v. State, 143 So. 3d 462 (Fla. 5th DCA 2014).

Mr. Baxter was convicted of lewd or lascivious molestation of a child twelve years of age or older but less than sixteen years of age, a second-degree felony punishable by up to fifteen years' imprisonment. See §§ 775.082(3)(c); 800.04(5)(c)(2), Fla. Stat. (2012). Because of his previous convictions for lewd or lascivious acts and attempted sexual battery, Mr. Baxter was designated a DSFO and sentenced to thirty years' imprisonment, with a thirty-year mandatory minimum term, under section 794.0115.

Although Mr. Baxter does not contest his DSFO designation, he argues that his sentence is illegal because the trial court could only impose a sentence with a mandatory minimum term of twenty-five years under section 794.0115(6). In his argument, Mr. Baxter relies primarily on Wilkerson. There, the Fifth District held that section 794.0115(6) requires the trial court to sentence a DSFO to a mandatory minimum term of twenty-five years when "the mandatory minimum under section 794.0115 (twenty-five years) exceeds the maximum sentence authorized under section

[1]The sentencing issue was preserved by the filing of a timely motion under Florida Rule of Criminal Procedure 3.800(b)(2). The trial court denied the motion.

- 2 -

775.082 (fifteen years) . . . ." Wilkerson, 143 So. 3d at 463. We disagree with the Fifth District's interpretation of section 794.0115.

Section 794.0115(2) provides that a DSFO "must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment." Section 794.0115(6) further states that "[i]f the mandatory minimum term of imprisonment imposed under this section exceeds the maximum sentence authorized under s. 775.082 . . . the mandatory minimum term of imprisonment under this section must be imposed."

Accordingly, we agree with the First District that "[t]he plain language of the statute makes the DSFO minimum mandatory sentence *any* term between twenty-five years and life in prison, as the statute specifically states that the minimum mandatory is '25 years imprisonment *up to, and including, life imprisonment*.' " Williams, 189 So. 3d at 289 (quoting § 794.0115(2), Fla. Stat. (2009)). Indeed, we find persuasive the Florida Supreme Court's interpretation of a similar provision under the 10-20-Life statute. Mendenhall v. State, 48 So. 3d 740, 750 (Fla. 2010) (concluding that the trial court has discretion to impose a mandatory minimum term within the range of twenty-five years to life under the 10-20-Life statute, regardless of whether the sentence imposed exceeds the crime's statutory maximum). Therefore, because section 794.0115 authorizes a sentence with a mandatory minimum term between twenty-five years and life, we conclude that Mr. Baxter's sentence as a DSFO is legal.

For the foregoing reasons, we affirm Mr. Baxter's judgment and sentence. We certify conflict with the Fifth District's decision in Wilkerson.

Affirmed; conflict certified.

KHOUZAM and SALARIO, JJ., Concur.

- 3 -