# Supreme Court of Florida

_____

No. SC16-785
_____

**TYRONE WILLIAMS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[December 21, 2017]

CANADY, J.

In this case we examine section 794.0115, Florida Statutes (2009)—also known as Florida's "Dangerous Sexual Felony Offender Act" (the "DSFO Act")—which imposes mandatory minimum sentencing for certain sexual crimes committed under certain circumstances. Specifically, we consider whether the DSFO Act's mandatory minimum sentencing term of "25 years imprisonment up to, and including, life imprisonment" provides trial courts with the discretion to impose a mandatory minimum of life imprisonment irrespective of the statutory maximum for the crime. § 794.0115(2), Fla. Stat. (2009). We have for review Williams v. State, 189 So. 3d 288 (Fla. 1st DCA 2016), in which the First District

Court of Appeal held that the DSFO Act authorizes a mandatory minimum life sentence regardless of the statutory maximum for the crime. In so holding, the First District certified conflict with Wilkerson v. State, 143 So. 3d 462 (Fla. 5th DCA 2014), in which the Fifth District Court of Appeal concluded that when the statutory maximum for a particular crime is less than twenty-five years, the DSFO Act authorizes a trial court to impose only a mandatory minimum term of twenty-five years' imprisonment. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

Both parties agree—as do we—that this case is controlled by this Court's decision in Mendenhall v. State, 48 So. 3d 740 (Fla. 2010). In Mendenhall, we concluded that a very similar mandatory "25 to life" provision in section 775.087, Florida Statutes (2004)—also known as Florida's "10-20-Life" statute[1]— authorized the trial court "to impose a mandatory minimum of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum provided for in section 775.082." Id. at 742. As explained below, we decline Williams's invitation to recede from Mendenhall. Accordingly, we approve the First District's decision in Williams. We also disapprove the Fifth District's decision in the conflict case of Wilkerson to the extent it is inconsistent with this opinion.

---

1. The 10-20-Life statute imposes mandatory minimum sentencing for certain crimes committed by an offender while possessing or using a firearm.

# I. BACKGROUND

Petitioner, Tyrone Williams, was convicted of sexual battery by use of force not likely to cause serious personal injury. Under Florida law, that crime is a second-degree felony generally punishable by a term of imprisonment not exceeding fifteen years. See §§ 794.011(5), 775.082(3)(c), Fla. Stat. (2009). But because Williams had been designated as a "dangerous sexual felony offender," he was subject to the mandatory sentencing provisions under the DSFO Act.[2] § 794.0115, Fla. Stat. (2009). The trial court sentenced Williams to a mandatory minimum life sentence. Williams appealed, and the First District affirmed. See Williams v. State, 83 So. 3d 1001 (Fla. 1st DCA 2012).

Williams subsequently filed a postconviction Motion to Correct Sentence with the trial court under Florida Rule of Criminal Procedure 3.800(a), contending that the mandatory minimum life sentence was unlawful. Specifically, Williams argued that the trial court was not authorized to impose any sentence under the DSFO Act other than a mandatory minimum of twenty-five years. In denying Williams's motion, the trial court principally relied on two subsections of the DSFO Act—subsections (2) and (6).

---

2. Williams does not contest his conviction or dispute that he is subject to the DSFO Act's mandatory sentencing provisions.

Section 794.0115(2) sets forth the enumerated crimes covered by the DSFO Act and contains the mandatory minimum sentencing provision itself. Under section 794.0115(2), an offender convicted of one of the referenced crimes and meeting certain other conditions "is a dangerous sexual felony offender, who must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment." § 794.0115(2), Fla. Stat. (2009).

Section 794.0115(6) addresses the DSFO Act's mandatory minimum sentencing provision as it relates to Florida's general statutory sentencing maximums:

> (6) Notwithstanding s. 775.082(3), chapter 958, any other law, or any interpretation or construction thereof, a person subject to sentencing under this section must be sentenced to the mandatory term of imprisonment provided under this section. If the mandatory minimum term of imprisonment imposed under this section exceeds the maximum sentence authorized under s. 775.082, s. 775.084, or chapter 921, the mandatory minimum term of imprisonment under this section must be imposed. If the mandatory minimum term of imprisonment under this section is less than the sentence that could be imposed under s. 775.082, s. 775.084, or chapter 921, the sentence imposed must include the mandatory minimum term of imprisonment under this section.

§ 794.0115(6), Fla. Stat. (2009). This mandatory minimum precludes eligibility for discretionary early release (including gain-time), other than pardon, executive clemency, or conditional medical release. § 794.0115(7), Fla. Stat. (2009).

The trial court concluded that Williams's mandatory minimum life sentence was appropriate because the plain language of section 794.0115(2) "does not

reflect any restriction on the length of the mandatory minimum that can be imposed under it, other than stating it must be between 25 years and life imprisonment," and because the plain language of section 794.0115(6) provides that the mandatory minimum term must be imposed if the mandatory minimum exceeds the statutory maximum for the crime—which it did in this case.

In reaching its conclusion, the trial court dismissed the Fifth District's decision in Wilkerson on the basis that it "provides no analysis of how it reached its conclusion that a trial court cannot impose more than a 25-year mandatory minimum on a second-degree felony." The trial court also relied on Flowers v. State, 69 So. 3d 1042, 1044 (Fla. 1st DCA 2011), in which the First District concluded that the "25 to life" provision in Florida's 10-20-Life statute permitted a trial court to impose a mandatory minimum life sentence for a second-degree felony. The trial court noted that Flowers reached its decision by applying this Court's decision in Mendenhall. And the trial court ultimately concluded that the same analysis in Flowers and Mendenhall should apply when analyzing the DSFO Act.[3]

_____

3. The trial court also referenced certain legislative committee reports that supported the court's conclusion. In 2003, the Legislature increased the mandatory minimum under the DSFO Act from a then ten-year minimum to "25 years imprisonment up to, and including, life imprisonment." See ch. 2003-115, § 1, at 1-2, Laws of Fla. The trial court noted that the Senate committee reports contained examples of what the new mandatory minimum would be for persons convicted of second-degree felonies, and that those examples "reflect[ed] a mandatory

- 5 -

Williams appealed the trial court's denial of his Motion to Correct Sentence. On appeal, the First District upheld the trial court's sentence, holding that the DSFO Act provides the trial court with discretion to impose a mandatory minimum life sentence regardless of the statutory maximum for the charged offense. Williams, 189 So. 3d at 290. As did the trial court, the First District relied on the plain language of section 794.0115 and on the district court's previous decision in Flowers. Id. at 289-90.

As to the plain language of the DSFO Act, the First District noted that under section 794.0115(2) and section 794.0115(6), a designated sexual felony offender "must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment," and the minimum sentence must be imposed whenever that minimum exceeds the statutory maximum otherwise provided by Florida law. Id. at 289 (quoting § 794.0115(2), Fla. Stat. (2009)). And according to the First District, that mandatory minimum allows for any term between twenty-five years and life. Id. at 289-90.

The First District also relied on its previous decision in Flowers, which held that the "25 to life" provision in the 10-20-Life statute authorized any mandatory

---

minimum of '25 to life.'" See, e.g., Fla. S. Comm. on Crim. Just., CS for SB 2172 (2003) Staff Analysis 8 (Apr. 10, 2003). But the trial court also recognized that committee reports do not necessarily reflect legislative intent.

minimum term between twenty-five years and life for a second-degree felony. Id. at 290. Unlike the trial court, however, the First District did not mention the fact that Flowers reached its decision by applying Mendenhall.

In upholding Williams's sentence, the First District disagreed with the Fifth District's conclusion in Wilkerson that the plain language of the DSFO Act authorized only a twenty-five-year mandatory minimum when the underlying crime had a fifteen-year statutory maximum. Id. at 289. The First District determined that "the plain language of section 794.0115" instead supported the conclusion that the "minimum mandatory sentence" is "any term between twenty-five years and life in prison." Id. The First District then certified conflict with Wilkerson. Id. at 290.

In Wilkerson, the defendant was similarly convicted of a second-degree felony that generally carried a fifteen-year statutory maximum. See Wilkerson, 143 So. 3d at 463 (citing § 775.082, Fla. Stat. (2012)). The defendant was subject to the DSFO Act's mandatory sentencing provisions, and the trial court imposed a life sentence with a mandatory minimum term of twenty-five years' imprisonment. Id. at 462. On appeal, the Fifth District reversed and remanded for resentencing, holding that the life sentence was unauthorized and that the only sentence that could be imposed was a twenty-five-year mandatory minimum sentence. Id. at 463. In so holding, the Fifth District relied on the plain language in subsection (6)

- 7 -

of the DSFO Act which provided, in relevant part, that "[i]f the mandatory minimum term of imprisonment imposed under this section exceeds the maximum sentence authorized under s. 775.082, s. 775.084, or chapter 921, the mandatory minimum term of imprisonment under this section must be imposed." Id. (quoting § 794.0115(6), Fla. Stat. (2012)). The Fifth District determined that the term "mandatory minimum" under the DSFO Act means twenty-five years. Id. Consequently, because "the mandatory minimum under section 794.0[1]15 (twenty-five years) exceeds the maximum sentence authorized under section 775.082 (fifteen years), the mandatory minimum must be imposed." Id. In reaching its conclusion, the Fifth District made no mention of Mendenhall.

## II. ANALYSIS

This certified conflict case involves a question of statutory interpretation, which is a pure question of law that we review de novo. See Polite v. State, 973 So. 2d 1107, 1111 (Fla. 2007). The issue presented is whether Florida's DSFO Act provides trial courts with the discretion to impose a mandatory minimum anywhere in the range of twenty-five years to life imprisonment, irrespective of the general statutory maximum for the crime. As correctly noted by Judge Makar in his concurring opinion below, an answer of "no" to this question could only be given if we recede from Mendenhall. See Williams, 189 So. 3d at 290 (Makar, J., concurring).

Because of the similarities between the pertinent provisions in Florida's DSFO Act at issue in this case and those in Florida's 10-20-Life statute at issue in Mendenhall, we first present a comparison of the respective statutory provisions, followed by an examination of Mendenhall.

## DSFO Act vs. 10-20-Life Statute

The DSFO Act imposes mandatory minimum sentencing for certain sexual crimes committed under certain circumstances. § 794.0115, Fla. Stat. (2009). The 10-20-Life statute imposes mandatory minimum sentencing for certain crimes committed by an offender while possessing or using a firearm. § 775.087, Fla. Stat. (2004). The pertinent provisions in each law are strikingly similar, as shown below.

### I. Mandatory Minimum Sentencing Provisions

In the DSFO Act, section 794.0115(2) contains the mandatory minimum sentencing provision and provides that an offender convicted of one of the referenced crimes and meeting certain other conditions "is a dangerous sexual felony offender, who <u>must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment</u>." § 794.0115(2), Fla. Stat. (2009) (emphasis added).[4]

---

4. In 2014, the Legislature amended the DSFO Act by increasing the mandatory minimum term for offenses committed on or after October 1, 2014. <u>See</u> ch. 2014-4, § 4, at 7, Laws of Fla. The DSFO Act now provides that a dangerous

Similarly, in the 10-20-Life statute, section 775.087(2)(a)3. contains the mandatory minimum "25 to life" sentencing provision and provides that a defendant who discharges a firearm causing death or great bodily harm while committing an enumerated felony "shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." § 775.087(2)(a)3., Fla. Stat. (2004) (emphasis added).

II. Mandatory Minimums and Statutory Maximums

The DSFO Act and the 10-20-Life statute also both address their respective mandatory minimum sentencing provisions as they relate to the more general statutory sentencing maximums provided elsewhere under Florida law.

In the DSFO Act, section 794.0115(6) provides:

> Notwithstanding s. 775.082(3), chapter 958, any other law, or any interpretation or construction thereof, a person subject to sentencing under this section must be sentenced to the mandatory term of imprisonment provided under this section. If the mandatory minimum term of imprisonment imposed under this section exceeds the maximum sentence authorized under s. 775.082, s. 775.084, or chapter 921, the mandatory minimum term of imprisonment under this section must be imposed. If the mandatory minimum term of imprisonment under this section is less than the sentence that could be imposed under s. 775.082, s. 775.084, or chapter 921, the sentence imposed must include the mandatory minimum term of imprisonment under this section.

---

sexual felony offender "must be sentenced to a mandatory minimum term of 50 years imprisonment up to, and including, life imprisonment." § 794.0115(2), Fla. Stat. (2017). These amendments are not at issue in this case.

§ 794.0115(6), Fla. Stat. (2009).

In nearly identical fashion, section 775.087(2)(c) of the 10-20-Life statute provides:

> If the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed. If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.

§ 775.087(2)(c), Fla. Stat. (2004).

## Mendenhall

In Mendenhall, we concluded that the mandatory "25 to life" provision in the 10-20-Life statute gave trial courts "the discretion to impose a mandatory minimum sentence anywhere in the range of twenty-five years to life under section 775.087(2)(a)(3), even if that sentence exceeds the statutory maximum provided for in section 775.082." Mendenhall, 48 So. 3d at 746. In reaching our conclusion, we examined the various provisions of the 10-20-Life statute but eventually relied primarily on the two provisions discussed above. Namely, we noted that section 775.087(2)(a)3., which set forth the mandatory minimum for the crime at issue, "clearly states" that the "convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term

- 11 -

of imprisonment of life in prison." Id. at 748 (quoting § 775.087(2)(a)3., Fla. Stat. (2004)). We also noted that section 775.087(2)(c) "makes reference to [the general sentencing statute] and states that the mandatory minimum, when it exceeds the statutory maximum, must be imposed." Id. We interpreted the provisions to mean that the trial court may impose a minimum term of imprisonment "anywhere in the range of twenty-five years to life." Id. at 746.

We supported our reading of the 10-20-Life statute by examining certain tenets of statutory construction in order to "resolv[e] any perceived conflict between the statutory maximum in the general sentencing statute and the mandatory minimum range of twenty-five years to life." Id. at 748 (emphasis added). We primarily focused on the principle of statutory construction that the more specific provision controls over the general provision, finding that the more specific mandatory minimum provision controlled over the general provision regarding sentencing maximums. Id. We also noted the "elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." Id. at 749 (quoting Sch. Bd. of Palm Beach Cnty. v. Survivors Charter Sch., Inc., 3 So. 3d 1220, 1233 (Fla. 2009)). In doing so, we determined that adopting the defendant's interpretation of the statute would render the following words in the mandatory minimum provision meaningless and

- 12 -

mere surplusage: "and not more than a term of imprisonment of life in prison." Id. Lastly, we examined the statement of legislative intent in the act that created the 10-20-Life statute in 1999, id. at 749-50 (examining ch. 99-12, at 537, Laws of Fla.), and concluded that our interpretation of the statute effectuated the Legislature's "unambiguous intent to punish offenders who possess or use firearms 'to the fullest extent of the law,' " id. at 749 (quoting § 775.087(2)(d), Fla. Stat. (2004)).

## Hatten Reaffirms Mendenhall

We recently reaffirmed Mendenhall in no uncertain terms in Hatten v. State, 203 So. 3d 142 (Fla. 2016). In Hatten, we again addressed the 10-20-Life statute, but in a slightly different context. There, the defendant was convicted of, among other things, a first-degree felony for which the statutory maximum was thirty years' imprisonment. Id. at 143, 145.[5] The trial judge sentenced the defendant under the 10-20-Life statute to a term of forty years, with a mandatory minimum of twenty-five years. Id. at 143. The defendant appealed, arguing that the sentence was illegal because the forty-year term exceeded the statutory maximum of thirty years. Id. The First District affirmed, relying on its previous decision in Kelly v. State, 137 So. 3d 2, 6-7 (Fla. 1st DCA 2014), in which the district court held that

---

5. The statutory maximum for the offense in Mendenhall was similarly thirty years' imprisonment. See Mendenhall, 48 So. 3d at 750.

- 13 -

"circuit courts in the First District may, pursuant to [the 10-20-Life statute], impose a sentence in addition to its selected mandatory minimum sentence without regard to whether additional statutory authority for such an additional sentence exists." Hatten v. State, 152 So. 3d 849, 850 (Fla. 1st DCA 2014) (alteration in original) (quoting Kelly, 137 So. 3d at 6-7). The First District also certified conflict with various decisions from the Second, Fourth, and Fifth Districts "which held that the trial court may not impose a sentence in excess of 30 years for a first-degree felony under the 10-20-Life statute when the court imposes a mandatory minimum term of less than 30 years." Id. at 850 & nn.2-4.

On review, we quashed the First District's decision and remanded for resentencing, holding that "additional statutory authority is required" in order for a trial court to be able to add a term of years in addition to the mandatory minimum selected by the trial court. Hatten, 203 So. 3d at 146. In doing so, we made multiple references to Mendenhall, unequivocally reaffirming that decision. For example, we noted as follows:

> This Court in Mendenhall, 48 So. 3d at 742, clarified the issue of "whether the mandatory minimum terms of twenty-five years to life provide the trial judge with discretion to impose a mandatory minimum of twenty-five years to life without regard to the statutory maximum for the crime contained in section 775.082, Florida Statutes (2004)." And this Court expressly "conclude[d] that the trial court has discretion under section 775.087(2)(a)(3) to impose a mandatory minimum of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum provided for in section 775.082." Id.

Id. at 145 (alteration in original). We also noted in Hatten that "the trial court could have imposed the total 40-year sentence as a mandatory minimum sentence pursuant to the 10-20-Life statute, even though it would exceed the 30-year maximum under the general sentencing statute, pursuant to Mendenhall." Id. at 145-46. Finally, we noted that "Mendenhall clarified that the 10-20-Life statute prevails over the general sentencing maximums." Id. at 146.

In short, Mendenhall makes clear that the "25 to life" provision in the 10-20-Life statute provides trial courts with discretion in imposing a mandatory minimum anywhere in the range of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum for the crime. And Hatten makes clear that the same "25 to life" provision does not also provide trial courts with discretion to impose a sentence greater than the mandatory minimum selected by the trial court—instead, doing so requires "additional statutory authority." Id.

## Applying Mendenhall and Hatten

Because we see no compelling reason to recede from Mendenhall and to interpret the "25 to life" provision in the DSFO Act differently than we interpreted the similar "25 to life" provision in the 10-20-Life statute, we hold that section 794.0115, Florida Statutes (2009), authorizes trial courts to impose a mandatory minimum sentence anywhere in the range of twenty-five years to life, even if that sentence exceeds the maximum under the general sentencing statute.

- 15 -

In the instant case, the trial court sentenced Williams under the DSFO Act to a mandatory minimum life sentence for a second-degree felony that generally carried a fifteen-year statutory maximum. In upholding the sentence, the First District interpreted the "25 to life" provision in the DSFO Act consistently with Mendenhall. See Williams, 189 So. 3d 288. Accordingly, we approve the First District's decision.

In Wilkerson, the trial court sentenced the defendant under the DSFO Act to a life sentence with a mandatory minimum term of twenty-five years' imprisonment for a second-degree felony that carried a fifteen-year statutory maximum. On appeal, the Fifth District correctly concluded that the life sentence was unauthorized but did so for the wrong reasons. Namely, the Fifth District erroneously held that the DSFO Act authorizes only a mandatory minimum term of twenty-five years whenever the general statutory maximum for the crime is less than twenty-five years. See Wilkerson, 143 So. 3d at 463. This holding, which the Fifth District reached without mentioning Mendenhall, cannot be reconciled with this Court's jurisprudence. In short, under the DSFO Act, the trial court in Wilkerson had the discretion to impose a mandatory minimum anywhere in the range of twenty-five years to life. See Mendenhall, 48 So. 3d at 742. But once the trial court selected the mandatory minimum of twenty-five years, additional statutory authority was required for the trial court to be able to add a term of years.

See Hatten, 203 So. 3d at 146. Because the trial court had no such additional statutory authority, the life sentence imposed by the trial court was unauthorized.

### III. CONCLUSION

For the reasons set forth above, we approve the First District's decision in Williams. We also disapprove the Fifth District's holding in Wilkerson that the "25 to life" provision in section 794.0115, Florida Statutes (2012), does not authorize trial courts to impose a mandatory minimum sentence anywhere in the range of twenty-five years to life regardless of the general statutory maximum for the crime.

It is so ordered.

LABARGA, C.J., and LEWIS, POLSTON, and LAWSON, JJ., concur.
QUINCE, J., dissents with an opinion, in which PARIENTE, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

QUINCE, J., dissenting.

The result of the majority's continued acceptance of the legal fiction created in Mendenhall is a legal system where a defendant who is twice convicted of a second-degree felony, as in this case, is authorized to receive a harsher sentence than one who is repeatedly convicted of attempted murder, see § 775.082(3)(d), Fla. Stat. (2009). Surely this draconian and absurd outcome was not intended by the Legislature when it enacted the DFSO Act. Accordingly, I dissent.

- 17 -

Although the parties argue that Mendenhall is controlling here, I cannot agree that Mendenhall is applicable under these circumstances. I believe that the language of the DFSO Act and the 10-20-Life statute are distinct enough to provide a different outcome. Unlike the 10-20-Life statute, the DFSO Act does not purport to supply the minimum sentence a defendant sentenced under the act shall receive. Compare § 794.0115(2), Fla. Stat. (2009) (providing that a DFSO offender "must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment." with § 775.087(2)(a)(3), Fla. Stat. (2009) (providing that defendants who discharge firearms during the commission of enumerated crimes "shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison."). Section 794.0115(6), Florida Statutes, provides that a term of imprisonment imposed under this section that is "less than the sentence that could be imposed under section 775.082, section 775.084, or chapter 921 . . . must include the mandatory minimum term of imprisonment under this section." There is no reason for this language to be included if the Legislature believed that a minimum mandatory life sentence could be imposed. Unlike the 10-20-Life law, where multiple levels of offense exist, the DFSO Act provides one statutorily enhanced minimum mandatory. Accordingly under the majority's reasoning, the language of section 794.0115(6), which provides for an occasion in which the

- 18 -

statutory minimum mandatory is less than the otherwise authorized sentence, is meaningless. As reasoned in Mendenhall, "to adopt [this] interpretation of the statute would render the phrase ['If the mandatory minimum term of imprisonment under this section is less than the sentence that could be imposed under s. 775.082, s. 775.084, or chapter 921, the sentence imposed must include the mandatory minimum term of imprisonment under this section.'] meaningless and mere surplusage." Mendenhall, 48 So. 3d at 749. Yet, the majority here has no problem ignoring the plain language of the statute to extend the holding of Mendenhall to this case where the statute differs.

Furthermore, I agreed with Justice Pariente in 2010 that Mendenhall was wrongly decided. Mendenhall, 48 So. 3d at 751-55 (Pariente, J., dissenting). In addition to her reasoning there that statutes providing for mandatory minimum sentences do not "always trump the statutory maximums in other statutes," id. at 751, I would explicitly hold that where the lower term in a range of years provided as a statutory minimum mandatory sentence exceeds the statutory maximum for an offense the plain language of the DFSO authorizes only that the lower number be applied. The range provided by the Legislature exists to provide an enhancement to crimes where the statutory maximum may already exceed twenty-five years, not to create mandatory minimum life sentences for crimes that are otherwise subject to ten- or fifteen-year sentences.

Because I would find that the statutory maximum cannot be exceeded unless the minimum sentence under the DSFO is higher than the sentence otherwise authorized, I respectfully dissent.

PARIENTE, J., concurs.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

First District - Case No. 1D15-5716

(Alachua County)

Rocco J. Carbone, III, Eakin & Sneed, Atlantic Beach, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, and Michael McDermott, Assistant Attorney General, Tallahassee, Florida,

for Respondent